## GROOMS et al. v. THOMAS et al.

No. 12492—Opinion Filed Oct. 23, 1923.

1. **Convicts—Forfeiture of Estates.**
The law does not favor the forfeiture of estates and will not give effect to a forfeiture, except by express provision of statute or by a necessary implication flowing from some express provision of statute.

2. **Same—Statutes.**
The early English decisions holding that a conviction for crime forfeited the estate of the accused followed from bills of attainder and forfeiture enacted by the English Parliament. The English statute relating to attainder and forfeiture has been repealed by later acts except in cases of outlawry for treason. In our country legislative bodies have not provided for corruption of blood and forfeiture of estates on account of conviction of the accused for the commission of crime, except the act of Congress passed July 17, 1862, and the joint resolution of even date therewith.

3. **Same—Constitutional Provision.**
Section 15, of article 2, of the Constitution of the state of Oklahoma forbids the passage of any legislative act that will operate to corrupt the blood or forfeit the estate of a person on account of conviction for the commission of crime.

4. **Same—Rights of Convicts to Convey and Inherit.**
A person convicted for the commission of a felony and sentenced therefor to the penitentiary for life may convey title to his real estate and inherit an estate to the same extent as if he had not been convicted and imprisoned for the commission of the crime.

5. **Same—Judgment—Affirmed.**
Record examined, and held to support the judgment for defendants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Craig County; E. B. Arnold, Assigned Judge.

Action by Leuretha Grooms and Sedalia Martin against Dona Grooms, Thurry Thomas, J. F. Gaston, James M. Car-

ter, Winfield S. Maloney, and Phillip A. Horton, for the possession of real estate and partition thereof among the parties adjudged to be owners. Judgment for defendants. Plaintiffs bring error. Affirmed.

Wm. T. Rye, for plaintiffs in error.

W. H. Kornegay, for defendants in error.

Opinion by STEPHENSON, C. Peter W. Grooms died intestate on February 24, 1911, in Craig county, seized and possessed of the title to the real estate involved in this action. The deceased left Gus Grooms, father, Dona Grooms and Leuretha Grooms, sisters, and Sedalia Martin, the child of a deceased sister. In 1908 Gus Grooms, the father, was convicted of murder in the district court of Craig county, and sentenced to the state penitentiary for his natural life. On August 21, 1911, Gus Grooms, by his warranty deed, conveyed the lands owned by the deceased to A. C. Gould, and the defendants claim title through the conveyance of Gus Grooms, except Dona Grooms. Section 2308, Comp. Stat. 1921, reads as follows:

"Civil death. A person sentenced to imprisonment in the penitentiary for life is thereby deemed civilly dead."

It is the contention of the plaintiffs that the section quoted, on the conviction of the father for murder and sentence to the penitentiary for life, corrupted his blood and prevented the father from inheriting the lands from his son, and that by reason thereof title passed to the next nearest of kin, being the sisters and issue of a deceased sister. The question is presented to this court for decision for the first time under the laws of the state of Oklahoma and depends upon the construction to be placed upon section 2308, supra. So far as we are able to find neither Congress nor any Legislature has passed an act for the confiscation of the property of persons convicted of crime, except Congress, by the confiscation act of July 17, 1862, and the joint resolution of even date therewith, Wallach v. Van Riswick, 92 U. S. 202, 23 L. Ed. 473.

The early English decisions holding that a conviction for crime or felony corrupted the blood so that the convicted person forfeited his estate, and operated to prevent inheritance or taking title to real estate, rested upon bills of attainder and forfeiture enacted by the English Parliament. Under the bill of attainder and forfeiture, the convicted person could neither inherit lands or hereditaments from his ancestors, or retain what he already had, nor transmit them to any heirs by descent because his blood was considered in law to be corrupted. The same rule applied in a case where a person was convicted for treason and his lands were forfeited to the Crown. However, the bills of attainder and forfeiture were abolished by the English Statutes of 33 and 34, Vict. c. 23.

The statutes referred to repealed the forfeiture laws except those relating to outlawry for treason and felony with its consequences. The English laws relating to outlawry for treason, as now modified, operate only to forfeit to the Crown the goods and chattels, real and personal, and also the profits of the convicted person, freeholds during his life, and after his death the right of the use of the freeholds for a year and a day to the Crown. Black's Constitutional Law (3rd Ed.) section 278. Even under the English forfeiture act applying to persons outlawed for treason, the effect does not go so far as is contended for by plaintiffs in this cause. The effect of section 2308, supra, is to render a person convicted of crime and sentenced to imprisonment in the penitentiary for life, civiliter mortuus. The term "civil rights" in its broadest sense includes those rights which are the outgrowth of civilization, the existence and exercise of which necessarily follow from the rights that repose in the subjects of a country exercising self-government. Our law is opposed to forfeiture of estates and will not give effect to a forfeiture, except by the express terms of a statute or by necessary implication flowing from some express provision of statute. Fraley v. Wilkinson, 79 Okla. 21, 191 Pac. 156; McElroy v. Pope, 153 Ky. 108, 154 S. W. 903, 44 L. R. A. (N. S.) 122, Rawson v. School District No. 45, in Uxbridge, 83 Am. Dec. 670; Riggs v. Newcastle (Pa.) 78 Atl. 1037, 140 Am. St. Rep. 733; Curtis v. Board of Education (Kan.) 23 Pac. 98; Cross v. Carson, 44 Am. Dec. 742; Adams v. First Baptist Church, 11 L. R. A. (N. S.) 509.

The rule for which the plaintiffs in error contend came into existence by reason of the English acts of attainder and forfeiture interpreted under the rules and fictions of a feudal jurisprudence. The interpretation which the plaintiffs seek to have placed on the section in question would not find support in the present day English acts of forfeiture. Byers v. Sun Savings Bank, 41 Okla. 728, 52 L. R. A. (N. S.) 322.

Although section 2308, supra, provides that a person convicted of crime and sentenced to imprisonment for life is deemed civilly dead, it does not operate to destroy all the civil rights of the person convicted. The extent of the effect of the status of civiliter mortuus on a person in the exercise of civil rights, must be determined in consideration with other statutory provisions and constitutional provisions. Section 4970, Compiled Stats. of 1921, provides that all persons are capable of contracting, except minors, persons of unsound mind, and persons deprived of civil rights.

The effect of section 15, article 2, Okla. Constitution, is to exclude real estate and the estates of convicted persons from the operation of section 2308, supra, and leaves the convicted person in the same status as if the section in question had not been enacted. Section 15, article 2, Oklahoma Constitution, reads as follows:

"No bill of attainder, ex post facto law, nor any law impairing the obligation of contracts should work a corruption of blood, or forfeiture of estates."

A similar constitutional provision has been considered by the Supreme Courts of Texas, New York, and Rhode Island, in relation to the effect of a conviction for felony and imprisonment therefor on the right of the convicted person to inherit, transmit, or convey property rights. The decisions hold that the constitutional provision quoted prohibits legislative acts, or a legal construction to the effect that conviction for crime and imprisonment therefor forfeits the estate of the convicted person. Under the provision of our Constitution herein quoted, we are precluded in giving the effect to section 2308, supra, contended for by the plaintiffs. Under our law a person convicted of a felony and sentenced to the penitentiary for life, during his term of imprisonment, may convey the title to real property and inherit title to property as freely and fully as if he had not been convicted and imprisoned. Davis v. Manning (Tex.) 18 L. R. A. 82; Avery v. Everett, 510 N. Y. 317; 1 L. R. A. 264; Kenyon v. Saunders (R. L.) 26 L. R. A. 232; Byers v. Sun Savings Bank, 41 Okla. 728; 52 L. R. A. (N. S.) 322.

Therefore it is recommended that the judgment of the trial court be affirmed.

By the Court: It is so ordered.