(No. 47129)

VIVIAN EDWARDS, Appellant, v. BOARD OF TRUS-TEES OF POLICE PENSION FUND OF THE CITY OF MARION, Appellee.

*Opinion filed September 26, 1975.*

Harris and Lambert, and Charles D. Winters, both of Marion, for appellant.

James W. Sanders, of Marion, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, the Board of Trustees of the Police Pension Fund of the City of Marion, appealed from the judgment of the circuit court of Williamson County entered in favor of plaintiff, Vivian Edwards, in her action for administrative review (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*) of the defendant's decision denying her petition for a pension as the surviving widow of Charles Edwards. The appellate court reversed (22 Ill. App. 3d 260), and we allowed plaintiff's petition for leave to appeal.

Plaintiff's husband, Charles Edwards, was initially appointed to the police department of the City of Marion, as chief, on June 21, 1954. On May 8, 1967, the city council of Marion attempted to dismiss Edwards both from his post as chief and from the police force. Edwards brought an action for declaratory judgment that he was illegally discharged from the police force and for other relief. The appellate court held that he was improperly discharged and that at the time of his death on October 21, 1968, he was chief of police. *Edwards v. City of Marion,* 130 Ill. App. 2d 895.

On July 1, 1954, pursuant to the Police Pension Fund Act then in effect for cities of not more than 200,000 (Ill. Rev. Stat. 1953, ch. 24, par. 892 *et seq.*), the City of Marion established a police pension fund. Edwards made no contributions to the fund until April 15, 1962. From that date until the attempted discharge by the city council on May 8, 1967, he continued to make regular contribu-

tions to the fund in the amounts provided in the statute. On the day after his ouster from his duties as chief of police, Edwards demanded the return of the aforementioned contributions. A check for the appropriate amount was issued to him on May 10, 1967, and that fact was noted in the minutes of defendant's June 14, 1967, meeting.

On October 16, 1968, Edwards applied to the defendant for a pension certifying that he was totally and permanently physically disabled. He died on October 21, 1968. No action was taken on his petition until December 30, 1968, when defendant voted to deny the pension.

On December 30, 1968, plaintiff filed a petition with defendant seeking a pension as Edwards's widow. At the time of filing her petition she tendered to defendant the funds which had been withdrawn by Edwards on May 10, 1967, together with interest from the date of withdrawal. While her petition was under consideration she tendered to defendant the contributions which Edwards should have made from July 1, 1954, to April 15, 1962, together with interest. On June 19, 1971, defendant denied plaintiff's petition without a hearing. Plaintiff sought administrative review, the circuit court reversed defendant's ruling and remanded for "a fair and impartial hearing." Defendant held a hearing and again denied plaintiff's petition. On administrative review the circuit court reversed and ordered defendant to accept plaintiff's tender of payment and award her a pension.

In reversing the judgment the appellate court held that under the provisions of section 3—124 of the Illinois Pension Code (Ill. Rev. Stat. 1967, ch. 108½, par. 3—101 et seq.) Edwards's acceptance of the refund barred him and his dependents from benefits from the fund, and that even though he was not, as provided in the statute, "separated" from the police service, his demand for and acceptance of the refund waived that portion of the statute. Section 3—124 provided:

"If a policeman is separated from the police service after June 30, 1953, but before he has served 20 years, all contributions made by him to the police pension fund shall, upon his request, be refunded to him.

Acceptance of a refund shall bar the policeman and his dependents from any further participation in the benefits of this Article subject to restoration upon re-entry into service and repayment to the fund of the refund plus interest at 2% per annum from the date of refund until the date of repayment." Ill. Rev. Stat. 1967, ch. 108½, par. 3—124.

Plaintiff contends that under section 3—124 Edwards was not entitled to a refund, that defendant had no power to refund his contributions, that the funds properly "belong" to defendant and that the purported refund had no legal effect. She argues that the attempted discharge of Edwards by the city council was ineffective, that he must be considered to have held the position of chief of police at the time of his death and, therefore, had not been separated from the service. She contends that the pension fund must be administered in accordance with the Code, that defendant had no discretionary powers, and that absent Edwards's separation from the service, defendant was not empowered to make the refund.

Defendant contends that plaintiff is not entitled to a pension by reason of Edwards's failure to meet several of the requirements of the Pension Code.

We agree with the appellate court that plaintiff's eligibility for a pension must be determined as of the date of Edwards's death. The statute then in force and effect (Ill. Rev. Stat. 1967, ch. 108½, par. 3—101 *et seq.*) provided in pertinent part:

"This Article shall not apply to the following persons: *** (c) Any policeman who fails to pay the salary payments or deductions hereinafter defined, computed (1) in the case of funds established prior to the effective date of this amendatory Act of 1963, from the date the municipality established the fund or the date of a policeman's first appointment (including an appointment

on probation), whichever is later, or (2) *** and continuing during his entire service as a policeman." Ill. Rev. Stat. 1967, ch. 108½, par. 3—109.

Plaintiff argues that the Code "must be liberally construed to effect its purpose and the object to be accomplished." It is clear, however, from the explicit language of section 3—109 that if Edwards had not demanded and received a refund of his contributions, he was nevertheless ineligible for pension benefits at the time of his death. There had been no payments made for the period from July 1, 1954, the date the fund was established, to April 15, 1962, when he commenced making contributions, and the statute lends itself to no construction that would render him eligible.

Plaintiff argues that the statute contained no provision concerning when the required contributions must be made. She contends that the proper interpretation of the statute, to meet the requirement that it be liberally construed, would permit past-due contributions to be paid after the policeman's death. She argues that under the provisions of section 3—140 of the Code defendant was empowered but failed to promulgate rules which could have provided for the method and time of repayment. She argues, too, that by its conduct in the case of Herman Burnett, who was permitted to pay in installments the contributions covering the period between the time of his appointment to the police force and the date when he became a participant in the fund, defendant was estopped from refusing to accept the tendered payment.

The Code defined the term "policeman" (Ill. Rev. Stat. 1967, ch. 108½, par. 3—106), and the sections which provided for the pensions (pars. 3—111, 3—112, 3—113, 3—114, 3—118, 3—119), section 3—125, which provided for salary deductions, and the section which enumerated the exclusions (par. 3—109) employed that term. Section 3—119, upon which plaintiff's claim rests, clearly contemplated a policeman as defined in 3—106, and not excluded

under section 3—109. Assuming *arguendo* a permissible interpretation of section 3—124 which would authorize the repayment by plaintiff of the contributions refunded to Edwards, the statute cannot be interpreted to permit her to make the payments covering the period between July 1, 1954, and April 15, 1962. Nor do we perceive in what manner failure to promulgate rules, or the acceptance of Burnett's payments during his lifetime, estopped defendant from denying a pension to plaintiff. We note, parenthetically, that Burnett commenced repayment of the delinquent contributions following receipt by defendant of a report of an examination of the police pension fund of the City of Marion conducted by the Department of Insurance, which report noted that Burnett and Edwards had not made all the required contributions, and that no reason appears in the record for Edwards's failure to do likewise.

Having concluded that under the provisions of section 3—109 Edwards, at the time of his death, was excluded from the provisions of the Code, it is not necessary to discuss the remaining contentions made by the parties. The judgment of the appellate court is affirmed.

*Judgment affirmed.*