(No. 50239

ANTON KERNER, Appellant, v. STATE EMPLOYEES' RETIREMENT SYSTEM OF ILLINOIS *et al.*—Appellees.

*Opinion filed Sept. 19, 1978.—Rehearing denied Dec. 1, 1978.*

508

WARD, C.J., and CLARK and MORAN, JJ., took no part.

Robert Weiner, of Springfield (Terry Lee Fields, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield (Paul J. Bargiel and Patricia Rosen, Assistant Attorneys General, of Chicago, of counsel), for appellees.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

The question on this appeal concerns the effect of a felony conviction upon the pension rights of the late Otto Kerner, Jr., former Governor of Illinois. The facts, which are undisputed, are included in the opinion of the appellate court (53 Ill. App. 3d 747) and will be restated here only so far as necessary for an understanding of our opinion.

In 1965, during his service as Governor, Otto Kerner applied for and was accepted into membership in the State Employees' Retirement System (hereinafter System) and by paying some $11,000 secured credit for his prior gubernatorial service. Following his 1968 resignation as Governor to accept appointment as a Federal judge, he applied for and was granted retirement benefits and subsequently received monthly pension checks. He was thereafter convicted of several felonies under the United States Code (see *United States v. Isaacs* (7th Cir. 1974), 493 F.2d 1124, *cert. denied* (1974), 417 U.S. 976, 41 L. Ed. 2d 1146, 94 S. Ct. 3183), which were related to his service as Governor. His monthly pension allowances were terminated by the System because of those convictions, resulting in a demand by him for resumption of pension payments and for all arrearages and benefits. The System, claiming that the convictions caused a loss of all rights in the pension plan except the right to a refund of the lump-sum payment and monthly contributions, filed a

counterclaim seeking repayment of the difference between the total benefits paid and the amounts contributed by him.

A hearing officer appointed by the secretary of the System recommended resumption of the pension payments and payment of all arrearages and benefits. The board of trustees of the System, however, rejected the hearing officer's recommendation and voted to refuse any further payments. Further, the board remanded the cause to the hearing officer for a determination concerning the System's counterclaim. Following Otto Kerner's death, his representative filed an administrative review proceeding in the circuit court of Sangamon County (Ill. Rev. Stat. 1975, ch. 108½, par. 14–200; ch. 110, par. 264 *et seq.*) attacking the board's termination of the monthly pension payments. The circuit court reversed the board and ordered payment of all arrearages and benefits accruing prior to Otto Kerner's death. The Appellate Court for the Fourth District, however, reversed the circuit court (53 Ill. App. 3d 747), effectively affirming the decision of the board of trustees. We granted leave to appeal. We note that the System's counterclaim for repayment of the amount paid to Otto Kerner in excess of his contributions is not included in this appeal.

The primary question presented is the construction of section 14–199 of the Illinois Pension Code:

"None of the benefits herein provided for shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as an employee.

This section shall not operate to impair any contract or vested right heretofore acquired under any law or laws continued in this Article nor to preclude the right to a refund.

All future entrants entering service subsequent to July 9, 1955 shall be deemed to have consented to the provisions of this section as a condition of coverage." (Ill.

Rev. Stat. 1975, ch. 108½, par. 14—199.)

In construing this statute, as with any statute, our objective is to ascertain and give effect to the legislative intent as determined from the necessity or reason for the enactment and the meaning of the words employed. *In re Roberts Park Fire Protection District* (1975), 61 Ill. 2d 429, 437-38.

Plaintiff first contends that the phrase "convicted of any felony" refers only to convictions of crimes which are felonies under Illinois law, and that since the convictions were actually violations of Federal law, not Illinois law, they are not within the statutory description of "any felony." We disagree. When faced with an analogous question in the context of a Federal statute, the United States Supreme Court chose a broad interpretation of the word "any":

> "Nor can we hold that the Act bars use of committee testimony in United States courts but not in state courts. The Act forbids use of such evidence 'in any criminal proceeding *** in any court'. Language could be no plainer. Even if there could be legislative history sufficiently strong to make 'any court' mean United States courts only, there is no such history. The few scraps of legislative history pointed out tend to indicate that Congress was well aware that an ordinary person would read the phrase 'in any court' to include state courts. To construe this phrase as having any other meaning would make the Act a trap for the unwary." (*Adams v. Maryland* (1954), 347 U.S. 179, 181-82, 98 L. Ed. 608, 612, 74 S. Ct. 442, 445.)

There is similar authority from this court that, absent contextual implications to the contrary, a broad interpretation of the word "any" is to be favored. *E.g., Patteson v. City of Peoria* (1944), 386 Ill. 460, 464-65; *People ex rel.*

*Ocean Accident & Guarantee Corp. v. VanCleave* (1900), 187 Ill. 125, 134-35.

In our judgment the legislature's choice of the word "any" evinces an intent to include all felonies, State or Federal, so long as the offense was a "felony relating to or arising out of or in connection with" service as a State employee. "The language of the [Illinois Pension] Code is clear and there is no need for this court to construe it so as to give it any meaning other than the one which is clearly stated. It is the duty of the court to enforce the law as enacted according to its plain and unmistakable provisions." (*Peterson v. Board of Trustees* (1973), 54 Ill. 2d 260, 264.) This literal interpretation accords with the obvious purpose of the statute, to discourage official malfeasance by denying the public servant convicted of unfaithfulness to his trust the retirement benefits to which he otherwise would have been entitled. This construction accords, too, with the related purpose of implementing the public's right to conscientious service from those in governmental positions. In view of this legislative goal it seems to us plainly immaterial whether the felony involved is defined by the laws of this State, a sister State, or the Federal government as long as it arose from, was connected with, or related to the State service; that it was so related here is undisputed. We believe the offenses of which Otto Kerner was convicted are clearly felonies within the ambit of section 14—199.

Plaintiff also contends that because Otto Kerner's rights were vested, at least by the time preceding his convictions when he began receiving monthly payments, they were "heretofore acquired" within the meaning of the second paragraph of section 14—199 and thus could not be impaired by this statute. Our reading of the statute, however, indicates the phrase "heretofore acquired" means acquired prior to the enactment of the felony provision and does not refer to the date of vesting or contracting in

the case of each individual member. This second paragraph protects the right of employees whose pension rights had vested before the 1955 enactment of this provision. It is not applicable to Otto Kerner, whose pension rights vested long after the section's effective date. The flaw in plaintiff's reading of the statute was emphasized by the appellate court when it noted that under plaintiff's theory, an employee need only retire prior to his conviction of a felony in order to render the entire statute meaningless. (53 Ill. App. 3d 747, 751.) Certainly such easy circumvention of the law's purpose cannot have been intended.

We believe section 14–199 is clearly applicable here and by its terms operated to deny Otto Kerner the retirement benefits to which he would have been entitled, absent the convictions, under the Illinois Pension Code. Plaintiff urges, however, that this conclusion renders the statute unconstitutional under article XIII, section 5, of the Illinois Constitution of 1970, which provides:

> "Membership in any pension or retirement system of the State, any unit of local government or school district, or any agency or instrumentality thereof, shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired."

The difficulty with plaintiff's position is that the very section of the Constitution upon which he relies provides that membership in the retirement system is "an enforceable contractual relationship." Section 14–199 was, of course, in effect years before Otto Kerner became a member of the retirement system, and it became, by its terms, a condition of the contractual relationship to which he consented by applying for membership. As the commentary accompanying the Constitution states: "Of course, the 'contractual relationship' is governed by the actual terms of the contract or pension." (Ill. Ann. Stat., 1970 Const., art. XIII, sec. 5, Constitutional Commentary, at 302 (Smith-Hurd 1971).) Plaintiff does not explain how

enforcement of this condition, to which the parties agreed and which has existed throughout the duration of the contract, can become an unconstitutional impairment of the benefits of that contract. (See *In re Roberts Park Fire Protection District* (1975), 61 Ill. 2d 429, 441.) Membership in the System was sought with knowledge of this condition, and it clearly cannot be said to impair or diminish the benefits within the meaning of the constitutional provision.

We have also reviewed plaintiff's claims relating to corruption of blood and forfeiture of estate (Ill. Const. 1970, art. I, sec. 11), cruel and unusual punishment (U.S. Const., amend. VIII), and due process (Ill. Const. 1970, art. I, sec. 2; U.S. Const., amends. V, XIV). We hold that the termination of payments here violates none of these provisions.

Accordingly, the judgment of the appellate court sustaining the Board's denial of pension benefits is affirmed.

*Judgment affirmed.*

WARD, C.J., and CLARK and MORAN, JJ., took no part in the consideration or decision of this case.