EDWARD J. BORG, Plaintiff-Appellant and Cross-Appellee, v. THE VIL-
LAGE OF SCHILLER PARK POLICE PENSION BOARD et al., Defend-
ants-Appellees and Cross-Appellants.

First District (4th Division)   No. 82—238

Opinion filed December 23, 1982.

Richard L. Manning and Tym J. Kerr, both of Chicago, for appellant.

Jerome F. Crotty and James G. Wiard, both of Rieck and Crotty, P.C., of
Chicago, for appellees.

JUSTICE LINN delivered the opinion of the court:
This is an appeal from two rulings by the circuit court of Cook
County, the first of which upheld the Schiller Park Police Pension
Board's denial of Edward J. Borg's application for pension benefits
and the second of which overturned the Board's denial of a refund of
the money Borg had contributed to the pension fund. On appeal, Borg

argues that the felony divestiture provision of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 3—147) relied on by the Board to deny him pension benefits is inapplicable to him because he became a policeman before July 11, 1955. The Board argues that because Borg does not meet the statutory requirements of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 3—124), he is not entitled to a refund of his contributions.

We reverse the denial of pension benefits to Borg, and, accordingly, we do not reach the issue of whether Borg would be entitled to a refund of his own contributions were we to affirm.

FACTS

Edward J. Borg began service as a Schiller Park police officer on August 18, 1952. He was appointed chief of police on August 17, 1953. On April 16, 1957, the village of Schiller Park adopted the Fire and Police Commissioners Act, under which a police pension fund was established on August 20, 1959. Mandatory salary withholding of 7% for contribution to the pension fund began in April 1961. On January 20, 1975, Borg made an additional contribution to the police fund to make his participation in the fund retroactive to August 20, 1959. He has contributed $24,197.62 to the plan.

On April 7, 1981, Borg resigned from the Schiller Park police department and applied to the village's Police Pension Board for his pension benefits. On April 8, 1981, he pleaded guilty in Federal court to one count of an indictment charging him with extortion (18 U.S.C. sec. 1951), a service-related felony. On May 28, 1981, the Board denied Borg's application for pension benefits because they believed the felony divestiture provision of the Policeman's Pension Fund article of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 3—147) applied to Borg.

On June 9, 1981, Borg filed a complaint for administrative review in the circuit court of Cook County, arguing that the relief provision of section 3—147 applied to him and that the Board's decision to deny him pension benefits was therefore erroneous. On the authority of *Kerner v. State Employees' Retirement System* (1977), 53 Ill. App. 3d 747, 368 N.E.2d 1118, *aff'd* (1978), 72 Ill. 2d 507, 382 N.E.2d 243, the circuit court, on December 7, 1981, affirmed the Board's denial of pension benefits. Borg then applied for a refund of the contributions he had made to the pension fund, which the Board also denied. On December 18, 1981, the circuit court permitted Borg to amend his complaint to add a count seeking review of the denial of his refund. On January 22, 1982, the court held that Borg was entitled to a re-

fund. A check in the amount of the refund was issued by the Board and tendered to Borg the following day. Borg returned the Board's check with a letter stating that he intended to appeal the trial court's decision affirming the denial of his pension.

OPINION

The statute at issue in this appeal provides:

"None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as a policeman.

This section shall not operate to impair any contract or vested right heretofore acquired under any law or laws contained in this Article, nor to preclude the right to a refund.

All future entrants entering service subsequent to July 11, 1955 shall be deemed to have consented to the provisions of this section as a condition of coverage." (Ill. Rev. Stat. 1981, ch. 108½, par. 3—147.)

The Board applied the first paragraph of this section to deny benefits to Borg because he had pleaded guilty to a service-related felony. Borg argues that the divestiture provision does not apply to him because the relief provision of the third paragraph is applicable to his situation. We agree.

Our research has disclosed no precedent decision in a factual situation like that presented here: the pension applicant was employed before July 11, 1955, but the pension fund to which he contributed was established after that date. The authorities cited by both parties are therefore distinguishable on their facts. In *Kerner v. State Employees' Retirement System* (1977), 53 Ill. App. 3d 747, 368 N.E.2d 1118, *aff'd* (1978), 72 Ill. 2d 507, 382 N.E.2d 243, the applicant was employed and acquired pension rights subsequent to the date specified in the saving clause of the section at issue (Ill. Rev. Stat. 1975, ch. 108½, par. 14—199), which is essentially the same as the section at issue in the case at bar. In *Shanahan v. Policemen's Annuity & Benefit Fund* (1976), 43 Ill. App. 3d 543, 357 N.E.2d 582, the applicants became participants in their benefit fund at the time their employment began prior to July 11, 1955, the date in the saving provision in question (Ill. Rev. Stat. 1971, ch. 108½, par. 5—227), which is also the same as the section at issue in this case.

The question to be determined in this case is which event, acquisition of pension rights or commencement of employment, triggers the relief provision in paragraph three. Notwithstanding the language of the *Kerner* opinion, we think that paragraph three's description, "fu-

ture entrants entering service," refers to persons beginning employment, and accordingly a policeman who was employed before July 11, 1955, is not subject to the felony divestiture provision of paragraph one.

It is true that this determination appears to be contradictory to the statement in *Kerner* that "[t]hose acquiring pension rights prior to July [11], 1955, may not have them divested by conviction of a felony; those acquiring pension rights after July [11], 1955, forfeit such rights upon such conviction." (53 Ill. App. 3d 747, 751, 368 N.E.2d 1118, 1121.) However, there was no question in that case that the applicant had both become employed and become eligible for pension rights after the applicable date of paragraph three. The issue in *Kerner* concerned paragraph two of the statute, so the court's discussion focused on the subject of that paragraph, vested rights. In holding that Kerner's pension rights could be divested, the court explained that this was so because rights acquired after the date specified in paragraph three were subject to divestment by a condition subsequent. Because Kerner had both entered service and acquired pension rights after 1955, there was no need for the court to distinguish between these two events, and its entire discussion is couched in terms of rights rather than in terms of service.

This broad language created no problems in the context of the *Kerner* case, but its application to the facts of the case at bar creates conceptual difficulties because this case, unlike *Kerner*, lacks simultaneous employment and acquisition of pension rights by the applicant. It is therefore inappropriate in this case to apply the language of *Kerner* as if that case had determined that "entering service" is synonymous with acquiring pension rights. That coincidence was a matter of fact in *Kerner*, and so that court did not analyze whether the terms are synonymous but simply used them as such because its analysis was not dependent on precise use of this particular language. We accordingly find that *Kerner* is not dispositive of the case at bar.

■■ ■ It remains for us to construe the meaning of "future entrants entering service" to determine whether Borg shall be deemed to have consented to the felony divestiture provision. Section 3—147 of the Illinois Pension Code does not define either "future entrant" or "service," but other sections of the Code do, either directly or by implication. In construing a statute, where the same words or phrases appear in different sections of the statute they are to be given a generally accepted and consistent meaning unless legislative intent to the contrary is clearly expressed. (*Baker v. Salomon* (1975), 31 Ill. App. 3d 278, 334 N.E.2d 313, citing *Moran v. Katsinas* (1959), 16 Ill. 2d

169, 157 N.E.2d 38; *People ex rel. Lipsky v. City of Chicago* (1949), 403 Ill. 134, 85 N.E.2d 667.) It is improper to confine the interpretation to the section being construed because legislative intent must be gathered from the entire act. (2A Sutherland, Statutes and Statutory Construction sec. 46.05, at 56 (4th ed. 1973), citing *School Directors v. County Board of School Trustees* (1957), 15 Ill. App. 2d 115, 145 N.E.2d 285.) Accordingly, a word or phrase that is repeated in a statute is presumed to have the same meaning throughout. *Baker v. Salomon; People v. Jackson* (1966), 66 Ill. App. 2d 276, 214 N.E.2d 316.

It is thus clear that the meanings ascribed to the words in question in other sections of the Pension Code are the meanings to be ascribed to them in section 3—147. "Future entrant" is defined as

"(a) A person employed by a city as a policeman for the first time on or after the effective date;

(b) A former policeman of a city who reenters the police service on or after the effective date ***." (Ill. Rev. Stat. 1981, ch. 108½, par. 5—111; see also, *e.g.*, pars. 6—108, 8—115.)

" 'Creditable service' is the time served by a policeman as a member of a regularly constituted police force of a municipality." Ill. Rev. Stat. 1981, ch. 108½, par. 3—110; see also, *e.g.*, pars. 5—212, 5—213, 5—214, 7—113, which discuss computation and credit for "service" as synonymous with "employment."

■ ■ The phrase "future entrant entering service" means "a person being employed for the first time." The language of the Illinois Pension Code interpreted according to the established principles of statutory construction mandates this finding. Accordingly, we hold that it was error to deny pension benefits to Borg, who entered service prior to July 11, 1955 and is therefore protected by paragraph 3 of section 3—147 from application of the section's felony divestiture provision. Our holding renders moot the question of whether Borg would be entitled to a refund of his personal contributions to the pension fund if his pension benefits were denied. The ruling of the circuit court is reversed.

Reversed.

JOHNSON, P.J., and JIGANTI, J., concur.