CHARLES JANATA, Appellant, v. THE POLICE PENSION FUND OF THE VILLAGE OF HILLSIDE *et al.*, Appellees.

First District (3rd Division)   No. 85—2123

Opinion filed February 13, 1986.

Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellants.

Stanley H. Jakala, of Berwyn, for appellee Bruce Palumbo.

Richard F. McPartlin, of Chicago, for other appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Charles Janata, chief of police of the village of Hillside, brought this complaint for administrative review against the police pension fund of the village of Hillside and its board of trustees, and against Bruce Palumbo. Plaintiff sought review of the decision of the pension board permitting Palumbo, a member of the Hillside police department, to retain pension monies paid to him between December 8, 1983, and April 24, 1984. The trial court found that the pension board properly allowed Palumbo to retain the pension monies for that period of time, and granted defendants' motion to dismiss the complaint. Plaintiff appeals.

According to the complaint, Palumbo became a member of the Hillside police department on November 1, 1965. On September 26, 1983, he was indicted by a Federal grand jury for using his position as a police officer to commit violations of title 18, sections 371 and 1341 of the United States Code. (18 U.S.C. secs. 371, 1341 (1976).) Both violations were felonies.

On December 15, 1983, after a hearing before the pension board, Palumbo was awarded a line-of-duty disability pension under the statute. (Ill. Rev. Stat. 1983, ch. 108½, par. 3—114.1.) On April 24, 1984, Palumbo was found guilty of the charges and was sentenced to a term of two years' imprisonment.

On April 30, 1984, the pension board granted plaintiff's request for a special meeting to discuss Palumbo's pension. The pension board conducted that meeting on the evening of May 4, 1984. That evening the pension board announced its decision that Palumbo's pension was terminated as of April 24, 1984, the date of his conviction. It also decided that he could retain the disability pension payments made to him from December 8, 1983, to April 24, 1984. The pension board announced that it would issue written findings and a decision shortly thereafter; on May 16, 1984, it issued and served the findings and decision. On May 10, 1984, plaintiff filed this complaint.

Plaintiff contends that the pension board erred in not ordering Palumbo to repay the pension monies paid to him from December 1983 to April 1984. Plaintiff argues that the pension board should not refund Palumbo's contributions to the fund until it has deducted the

pension payments Palumbo received during that time. Plaintiff maintains that the statute mandates such repayment. We do not agree.

The pertinent part of the Illinois Pension Code provides as follows:

> "Felony conviction. None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as policeman.
>
> This section shall not operate to impair any contract or vested right heretofore acquired under any law or laws contained in this Article, nor to preclude the right to a refund.
>
> All future entrants entering service subsequent to July 11, 1955 shall be deemed to have consented to the provisions of this section as a condition of coverage." (Ill. Rev. Stat. 1983, ch. 108½, par. 3—147.)

In construing a statute, its language should be given its plain and ordinary meaning. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585.) And in construing the Pension Code, it is the duty of the courts to enforce the statute as enacted according to its plain and unmistakable provisions. *Edwards v. Board of Trustees* (1974), 22 Ill. App. 3d 260, 317 N.E.2d 364, *aff'd* (1975), 61 Ill. 2d 330, 335 N.E.2d 440.

The plain meaning of the statute in question is that a member of the pension fund who is convicted of a felony shall thereafter receive no pension benefits, with only an entitlement to a refund of his contribution. The words "[n]one of the benefits *** shall be paid to any person who is convicted" (Ill. Rev. Stat. 1983, ch. 108½, par. 3—147) clearly and unambiguously focus on the person's conviction as the time when the benefits cease. A pension board acquires only such powers as are conferred on it by the statute, and there is no language in the statute before us which would permit a pension board to halt payments before the conviction or to recoup payments made prior to that date. If the legislature, as plaintiff suggests, had intended to authorize pension boards to cut off benefits as of the date of the commission of the felony, it could have so stated. As it is required to do, the pension board followed the clear mandate of the statute.

Plaintiff's reliance on *Kerner v. State Employees' Retirement System* (1978), 72 Ill. 2d 507, 382 N.E.2d 243, *cert. denied* (1979), 441 U.S. 923, 60 L. Ed. 2d 397, 99 S. Ct. 2032, is misplaced. The *Kerner* court held that since Kerner became a member of the pension system after the passage of the felony forfeiture provisions, he was bound by the provision and was not entitled to resumption of his retirement

benefits which had been terminated upon his conviction. In its only reference to the issue before us, the court observed that the pension board had not appealed the trial court's finding that Kerner did not have to repay the benefits he had received prior to his conviction. That observation in no way supports plaintiff's strained interpretation of the Pension Act.

Because of our view of the proceedings, it is unnecessary to consider defendants' arguments that plaintiff had no standing to bring this action, and that he filed the complaint prematurely.

For the reasons stated, the judgment of the circuit court of Cook County dismissing plaintiff's complaint and upholding the decision of the Hillside police pension fund is affirmed.

Judgment affirmed.

RIZZI, P.J., and WHITE, J., concur.