BOARD OF TRUSTEES OF the POLICE PENSION AND RETIREMENT SYSTEM OF OKLAHOMA CITY, Appellant,

v.

Fred WEED, Appellee.

No. 60793.

Supreme Court of Oklahoma.

May 28, 1986.

Walter M. Powell, Mun. Counselor and Patricia Sellers Dennis, Asst. Mun. Counselor, Oklahoma City, for appellant.

Freeman & Buxton by Jack L. Freeman and Richard W. Anderson, Edmond, for appellee.

HODGES, Justice.

This is a declaratory judgment action to cease pension benefits pursuant to 11 O.S. 1971 § 541p (current version at 11 O.S.1981 § 50–119) and Oklahoma City Code § 2–342 (1970). The District Court of Oklahoma County held the state statute and city ordinance, purporting to deprive appellee of his vested pension rights, unconstitutional, insofar as they authorize divesture of appellee's pension based on his felony conviction.

Appellee, Fred Weed, joined the Oklahoma City Police Department on August 1, 1957. Appellee retired as Chief of the Vice Squad on August 1, 1977. Pursuant to 11 O.S.1971 § 541k (current version at 11 O.S. 1981 § 50–111.1) appellee received $688.59

per month service pension upon completion of 20 years active police duty.

On December 16, 1980, appellee was convicted of conspiring to distribute a narcotic controlled substance under 21 U.S.C. § 846. The conviction was upheld on appeal and appellee is presently serving a seven year sentence in federal prison.

Appellant, Police Pension and Retirement Board of Oklahoma City, pursuant to 11 O.S.1971 § 541p and Oklahoma City Code § 2–342 (1970), the pension statute and ordinance which were in effect at the time of appellee's retirement, requested the district court to terminate appellee's pension benefits as of the date of his conviction or as of the date of his final appeal to the Tenth Circuit. In addition, appellant sought reimbursement of benefits paid pending the outcome of appellee's criminal appeal.

The District Court of Oklahoma County held that the pension benefits acquired by appellee by reason of his employment with the City of Oklahoma City were a vested right. The court further declared the city ordinance and state statute, purporting to divest appellee of his pension benefits based on his felony conviction, to be unconstitutional. From this ruling appellant perfected this appeal.

On appeal, appellant urges termination of appellee's pension benefits is merely a "pecuniary penalty" under article 2, section 15 of the Oklahoma Constitution, and therefore constitutional. Appellee urges termination of his pension benefits is a "forfeiture of estate" under article 2, section 15, and therefore unconstitutional.

Although historically pensions granted by public authorities were viewed as gratuitous allowances revocable at will and not contractual obligations, *In re Enrolled Senate Bill 1269*, 209 N.W.2d 200, 202 (Mich.1973), most courts now agree that public employees who contribute to a pension fund pursuant to their employment contract have a vested, contractual right to receive the benefits thereof, when the conditions of service are satisfied and payment becomes due. *Police Pension & Relief Bd. of the City & County of Denver v.*

*McPhail*, 139 Colo. 330, 338 P.2d 694, 699 (1959); *Petras v. State Bd. of Pension Trustees*, 464 A.2d 894, 896 (Del.Super.Ct. 1983); *Wehmeier v. Public School Retirement System of Mo.*, 631 S.W.2d 893 (Mo. Ct.App.1982); *Board of Trustees of the Police Pension and Retirement System of the City of Tulsa v. Kern*, 366 P.2d 415, 418 (Okla.1961); *Bakenhus v. City of Seattle*, 48 Wash.2d 695, 296 P.2d 536, 538 (1956); *see also* 60 Am.Jur.2d *Pension & Retirement Funds* § 47 (1985). Consistent with the majority view, this Court recently concluded in *Baker v. The Okl. Firefighters Pension and Retirement System*, (1986), 718 P.2d 348 (Okla.1986), the right to a pension vests, or becomes absolute, upon the pension recipient's becoming eligible for payment of the pension.

The key distinguishing fact among the jurisdictions which have addressed this issue is whether the felony conviction or misconduct occurred while the employee was still actively fulfilling pension eligibility requirements or after pension benefits were vested.

In *Leonard v. City of Seattle*, 81 Wash.2d 479, 503 P.2d 741, 748 (Wash. 1972), a case on all fours with the present case, the Supreme Court of Washington held the petitioner's pension benefits vested upon his retirement, "that, having fully vested ..., they constituted valuable property of his estate; and that to take this property away from him as a consequence of his conviction of a felony *after fully vesting* would unconstitutionally work a forfeiture of estate prohibited by Const. art. 1, § 15, ...." (Emphasis supplied).

The court in *Leonard* gave full effect to the forfeiture of estate provision in its state constitution by holding vested pension benefits constitute valuable property of one's estate and to divest one of this property upon a felony conviction occurring after retirement is unconstitutional.

Okla. Const. art. 2, § 15 contains similar language, it reads:

"No bill of attainder, ex post facto law, nor any law impairing the obligation of

contracts, shall ever be passed. No conviction shall work a corruption of blood or forfeiture of estate: Provided, that this provision shall not prohibit the imposition of pecuniary penalties."

In *Grooms v. Thomas*, 93 Okl. 87, 219 P. 700 (1923), this Court construed the effect of art. 1, § 15, holding that the estate of a convicted person is no longer subject to forfeiture laws and one who is convicted of a felony can convey or inherit title to property as if he had not been convicted and imprisoned. In the present case, appellant distinguishes the prohibition set out in *Grooms* in that the city ordinance requiring forfeiture of pension benefits upon a felony conviction does not involve a forfeiture of estate in real property. However, neither the express language in art. 2, § 15 nor this Court's construction in *Grooms* limits the prohibition against forfeiture of estate upon a felony conviction to real property.

■ Since this Court held long ago in *Crump v. Guyer*, 60 Okl. 222, 157 P. 321, 322 (Okla.1916), that a "vested right is substantially a property right," it follows that this Court should find that a vested pension right is property of one's estate and therefore subject to the prohibition set out in Okla. Const. art. 2, § 15.

Appellant cites *Kerner v. State Employment Retirement System*, 72 Ill.2d 507, 382 N.E.2d 243 (1978), as a case upholding the forfeiture of pension benefits pursuant to section 14–199 of the Illinois Pension Code. The language of the Illinois statute is clearly distinguishable from our statute in that the Illinois statute expressly states that no benefits shall be paid "to any person who is convicted of any felony relating. to or arising out of or in connection with his service as an employee." Our present pension forfeiture statute does not contain the language requiring the conviction to relate back to the time of service in order for the statute to have effect. Termination of pension benefits in *Kerner* did not amount to an unconstitutional forfeiture of estate because the Pension Board was able to show appellant's conviction arose out of

and related back to his term as Governor and therefore he did not obtain a vested right to a pension upon leaving office. In addition, the Illinois Pension Code contains a proviso that the forfeiture provisions do not apply to any vested rights already acquired.

The pertinent section of our 1971 pension statute in effect at the time of appellee's retirement read as follows:

"When any person, who shall receive any benefits from any funds of any Pension and Retirement System as authorized by this Act or amendments thereto, shall be convicted of any felony, or shall become a habitual drunkard, or shall fail to report himself to duty as by this Act or amendments thereto required, unless excused by the Board of Trustees, or shall disobey the requirements of said Board of Trustees made under this Act, or amendments or ordinances of any city or town enacted pursuant thereto, in respect to said examination for duty or otherwise, then such Board shall order that such pension or allowance as may have been granted to such person shall immediately cease and such person shall receive no further pension .... 11 O.S. 1971 § 541p."

■ Appellant contends appellee was granted a pension conditioned on future meritorious conduct and because this condition was not met appellee must forfeit his pension. Upon review of the record, it is undisputed appellee fully complied with the statutory conditions of the Retirement Board. Once qualified for a pension it was the Retirement Board's duty to order that his pension be paid. *State v. Riggs*, 313 P.2d 523, 526 (Okla.1957). Appellee's pension rights became vested after contributing to the fund for 20 years as required by his contract and meeting the requirement of meritorious service. Nothing in the record shows appellee's pension benefits were obtained by or acquired in pursuance of illegal activity. Rather, the felony conviction occurred four years after retirement and it was never alleged the illegal activity in which appellee was convicted

occurred during his 20 years of active duty in the Oklahoma City Police Department.

We must, therefore, conclude the district court was correct in holding that a vested right to a pension benefit cannot be forfeited as a consequence of a felony conviction. Upon meritorious retirement appellee obtained a substantial property right in his pension and insofar as 11 O.S.1971 § 541p and Oklahoma City Code § 2–342 (1970) purport to divest appellee of his pension based on his felony conviction, they are unconstitutional as amounting to a forfeiture of estate in violation of Okla. Const. art. 2, § 15.

AFFIRMED.

All the Justices concur.