[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-11821
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-22360-CV-PAS

WILLIAM HAMES,

Plaintiff-Appellant ,

versus

CITY OF MIAMI, FL, a Florida Municipal Corporation,
CITY OF MIAMI FIREFIGHTERS' AND POLICE
OFFICERS RETIREMENT TRUST, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 20, 2008)**

Before ANDERSON, HULL and SILER,* Circuit Judges.

PER CURIAM:

_____

*Honorable Eugene Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

After oral argument and careful consideration, the judgment of the district court is due to be affirmed. With one exception, we agree with the district court that plaintiff's due process challenge to the state appellate procedures is not ripe. The one exception has to do with the fact that the Third District Court of Appeals has considered and has rejected plaintiff's appeal of the forfeiture decision issued with respect to the Trust. Plaintiff argues in this Court that the state review procedures are unconstitutionally deficient in that the state standard of review would be a miscarriage of justice standard. However, the Third District Court of Appeals, in reviewing the Trust's decision, did not employ a miscarriage of justice standard. Accordingly, plaintiff's due process challenge in that regard is moot.

With respect to plaintiff's due process challenge to the procedures at the administrative level, we agree with the district court that plaintiff never explained how the FBI witnesses' testimony would be relevant, or how he was prejudiced in failing to have them testify. For this reason, as well as several others, plaintiff's challenge to the administrative procedures with respect to the subpoena powers is without merit. We note that this is the primarily due process challenge raised on appeal to the procedures at the administrative level.

We also conclude that plaintiff's First Amendment retaliation claim is without merit. We agree with the district court that plaintiff failed to show any

causal link between his protected activity and the commencement of forfeiture proceedings. As the district court noted, the commencement of forfeiture proceedings was mandatory under the statute. Plaintiff's only challenge to the district court in this regard apparently is his argument that the crime of which he was convicted – obstruction of justice – does not fall within the "catch-all" category of crimes which trigger the statutory forfeiture. We agree with the district court that the crime of which plaintiff was convicted does trigger the statutory forfeiture. See Hames v. City of Miami Firefighters & Police Officers Trust, ___ So.2d ___ (2008 WL 583672) (Fla. 3rd DCA 2008). See also Newmans v. State, Div. of Retirement, 701 So.2d 573, 577 (Fla. 1st DCA 1997).

Finally, we conclude that plaintiff's Eighth Amendment claim has been abandoned on appeal. Although plaintiff apparently intended to mention the claim in one sentence at page 25 of plaintiff's initial brief, that sentence is barely intelligible, and certainly provides no insight or argument as to any error committed by the district court.

Accordingly, the judgment of the district court is

**AFFIRMED.**[1]

---

[1]     Any other arguments on appeal are rejected without need for further discussion. We deny appellees' motion for sanctions.