PER CURIAM.
Carlos Garay argues on appeal that the Department of Management Services, Division of Retirement (FRS), improperly required forfeiture of retirement benefits he had already received. We affirm.
Mr. Garay was employed by the Miami-Dade County Department of Human Services from July 1990 until October 2002, when he retired and began receiving FRS benefits. On or about April 16, 2008, Mr. Garay pled guilty to, and was adjudged guilty of, four crimes which involved altering agency records and diverting funds for his own use. The crimes were committed while Mr. Garay was still employed by the Miami-Dade County Department of Human Services.
FRS first learned about Mr. Garay’s criminal conviction approximately four years after he retired. FRS then conducted an investigation and verified that the crimes occurred while Mr. Garay was employed in the public trust and that the crimes constituted specified offenses under section 112.3173, Florida Statutes (2001), the forfeiture statute. On February 27, 2007, FRS sent Mr. Garay a letter informing him that his rights and benefits under FRS were subject to forfeiture for acts committed while employed with the Miami-Dade County Department of Human Services. After an evidentiary hearing on August 4, 2009, the Department of Management Services entered a final order, finding that forfeiture of Mr. Garay’s retirement benefits was required pursuant to Florida law.
Mr. Garay’s sole argument on appeal is that because he had already retired and was receiving benefits, it was improper for FRS to require forfeiture. Florida law, however, expressly provides for forfeiture of retirement benefits whenever FRS receives notice of criminal activity which occurred while a person was employed in the public trust.
The forfeiture provision is based on article II, section 8 of the Florida Constitution, which provides for forfeiture of an employee’s rights and privileges under a public retirement system when that employee violates the public trust:
SECTION 8. Ethics in government. — A public office is a public trust. The people shall have the right to secure and sustain that trust against abuse. To assure this right:
[[Image here]]
(d) Any public officer or employee who is convicted of a felony involving a breach of public trust shall be subject to forfeiture of rights and privileges under a public retirement system or pension plan in such manner as may be provided by law.
The forfeiture provision is further codified in section 112.3173(3), Florida Statutes (2001), which states:
FORFEITURE. — Any public officer or employee who is convicted of a specified offense committed prior to retirement, or whose office or employment is terminated by reason of his or her admitted commission, aid, or abetment of a specified offense, shall forfeit all rights and benefits under any public retirement system of which he or she is a member, except for the return of his or her accumulated contributions as of the date of termination.
Under section 112.3173(3), it is clear that the time the offense is committed controls forfeiture, not the time of the ultimate conviction. See also Busbee v. State, Div. of Ret., 685 So.2d 914, 916-17 (Fla. 1st DCA 1996).
Once FRS learned of Mr. Garay’s conviction of crimes committed while he was still employed in public service, it was *1229 required to initiate forfeiture proceedings as provided for in section 112.3173(5)(a), Florida Statutes (2001):
Whenever the official or board responsible for paying benefits under a public retirement system receives notice ... that the rights and privileges of any person under such system are required to be forfeited ... such official or board shall give notice and hold a hearing ... for the purpose of determining whether such rights and privileges are required to be forfeited.
The use of the term “whenever” demonstrates that the legislature anticipated circumstances, such as those in this case, where FRS may receive notice that an employee had committed a crime requiring forfeiture even after an employee had retired. An additional indication that the legislature contemplated post-retirement forfeiture of benefits is the repayment provision set forth in section 112.3173(5)(d), Florida Statutes (2001), which provides for repayment of benefits when FRS discovers that a member’s benefits are subject to forfeiture after the member has retired and begun receiving FRS benefits.
Mr. Garay pled guilty to offenses specified in section 112.3173(2)(e), Florida Statutes (2001), involving misuse of his position of trust while he was an employee of the Miami-Dade Department of Human Services. It is undisputed that Mr. Ga-ray’s offenses were committed before his retirement. The Florida Constitution and Florida Statutes unambiguously provide for the forfeiture of the right to retirement benefits upon conviction of certain specified offenses committed while a person is employed in the public trust.
Under Mr. Garay’s theory, an employee would need only retire before being convicted of a qualifying offense to avoid the consequences of the forfeiture statute. This interpretation is not only in conflict with the express language of the Florida Constitution and Florida Statutes, but such an interpretation would render the forfeiture statute a nullity. Cf. Kerner v. State Employees’ Ret. Syst., 72 Ill.2d 507, 21 Ill.Dec. 879, 382 N.E.2d 243, 246 (Ill. 1978) (“[Ujnder plaintiffs theory, an employee need only retire prior to his conviction of a felony in order to render the entire statute meaningless.”); Horsley v. Philadelphia Bd. of Pensions & Ret., 519 Pa. 264, 546 A.2d 1115, 1118 (1988) (“To hold otherwise would unfairly advantage those corrupt and felonious City employees who are fortuitous enough to avoid detection of their crimes until after they leave the City’s employ: a result which would be both absurd and unreasonable.”); Hames v. City of Miami, 479 F.Supp.2d 1276, 1288 (S.D.Fla.2007), aff'd as modified, 281 F. App’x 853 (11th Cir.2008) (citing Kemer and Horsley and noting the ease with which employees could manipulate the application of the forfeiture statute by favorably timing their retirement).
Because the Department of Management Services properly ruled that FRS was correct in its finding that Mr. Garay’s retirement benefits were subject to forfeiture, the order on appeal is AFFIRMED.
HAWKES, C.J., ROBERTS, and ROWE, JJ., concur.