JEAN CIRIGNANI, Plaintiff-Appellant, v. THE MUNICIPAL EMPLOYEES', OFFICERS', AND OFFICIALS' ANNUITY AND BENEFIT FUND OF CHICAGO *et al.*, Defendants-Appellees.

First District (3rd Division)  No. 1—00—1751

Opinion filed November 22, 2000.—Rehearing denied December 22, 2000.

Lonny Ben Ogus, of Chicago, for appellant.

Frederick P. Heiss and William A. Marovitz, both of Chicago, for appellees.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, Jean Cirignani, appeals from the determination that she is not eligible to receive a widow's annuity from defendant Municipal Employees', Officers', and Officials' Annuity and Benefit Fund of Chicago (the Fund) after the death of her husband, who was an employee of the City of Chicago (the City). Plaintiff was convicted of a felony in connection with her being a ghost payroller for the City. Plaintiff contends that a statute that disqualifies persons from receiving annuity benefits if they have been convicted of a felony in connection with their municipal employment does not disqualify her from a widow's annuity based on her deceased husband's employment with the City of Chicago. We find that she is entitled to a widow's annuity.

## FACTS

By statute, there is established a Municipal Employees', Officers', and Officials' Annuity and Benefit Fund for cities of more than 500,000

inhabitants. 40 ILCS 5/8—101 (West 1998). A widow of an employee of the City of Chicago under this statute is entitled to a widow's annuity. 40 ILCS 5/8—140 through 8—150.1 (West 1998). A male employee is required to contribute $1\frac{1}{2}\%$ of his salary toward a widow's annuity. 40 ILCS 5/8—182 (West 1998). The annuity is funded in part by a real property tax. 40 ILCS 5/8—173(a) (West 1998).

Plaintiff was disqualified from her own pension from the City of Chicago due to her conviction of a felony arising out of her employment with the City. She had received a salary and benefits for 12 years as a full-time employee of the Chicago city council's committee on traffic control and safety although she performed no work. Plaintiff's husband, Vincent Cirignani, had also been employed by the City of Chicago. Out of Vincent's salary a deduction was taken for his pension; an additional deduction was taken for the purpose of providing a widow's annuity. The City made an additional contribution toward the annuity.

While married to plaintiff and after retirement, Vincent died. Plaintiff was paid a widow's annuity for some time; she received a notice on July 6, 1999, that there would be a hearing to determine whether her payments should be terminated based on her felony conviction, pursuant to statute. 40 ILCS 5/8—251 (West 1998). On January 20, 2000, the Fund determined that plaintiff was not entitled to receive a widow's annuity.

Plaintiff filed a complaint for administrative review with the circuit court of Cook County. The trial court affirmed, and plaintiff appealed.

## ANALYSIS

The felony-conviction statute at issue provides in relevant part that "[n]one of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as a municipal employee." 40 ILCS 5/8—251 (West 1998). This is similar to language used in numerous other felony-conviction statutes governing other public employees. See 40 ILCS 5/2—156, 3—147, 4—138, 5—227, 6—221, 7—219, 9—235, 11—230, 12—191, 13—807, 14—149 (West 1998).

Plaintiff contends that she is entitled to the widow's annuity because another statute, concerning which widows are entitled to an annuity from this fund, does not provide that the widows who have been convicted of felonies in connection with municipal employment are ineligible for annuities. Defendant contends that the plain meaning of section 8—251 is that no person convicted of this kind of felony can receive benefits and that section 8—251 simply adds an additional ground for a widow to be ineligible for pension benefits.

The widow-eligibility statute provides:

"The following widows or former wives of employees have no right to annuity from the fund:

(a) The widow, married subsequent to the effective date, of an employee who dies in service if she was not married to him before he attained age 65;

(b) The widow, married subsequent to the effective date, of an employee who withdraws from service whether or not he enters upon annuity, and who dies while out of service, if she was not his wife while he was in service and before he attained age 65;

(c) The widow of an employee with 10 or more years of service whose death occurs out of and after he has withdrawn from service, and who has received a refund of his contributions for annuity purposes;

(d) The widow of an employee with less than 10 years of service who dies out of service after he has withdrawn from service before he attained age 60;

(e) The former wife of an employee whose judgment of dissolution of marriage has been vacated or set aside after the employee's death, unless the proceedings to vacate or set aside the judgment were filed in court within 5 years after the entry thereof and within one year after the employee's death, and unless the board is made a party defendant to such proceedings." 40 ILCS 5/8—152 (West 1998).

Our standard of review is *de novo* because this issue concerns statutory interpretation. *First Bank & Trust Co. v. King*, 311 Ill. App. 3d 1053, 1059, 726 N.E.2d 621 (2000).

■ The overriding objective in interpreting a statute is to ascertain and give effect to the intent of the legislature. *Roser v. Anderson*, 222 Ill. App. 3d 1071, 1075, 584 N.E.2d 865 (1991). To ascertain the legislature's intent, we first look to the plain language of the statute. *Burnett v. Safeco Insurance Co.*, 227 Ill. App. 3d 167, 173, 590 N.E.2d 1032 (1992). Language is to be given its ordinary and popularly understood meaning. *Roser*, 222 Ill. App. 3d at 1075. In addition to the language chosen by the legislature, the court should consider the reason for the law, the evil to be remedied, and the purpose to be obtained thereby. *Roser*, 222 Ill. App. 3d at 1075.

■ The express mention of one thing in a statute excludes all other things not mentioned. *Requena v. Cook County Officers Electoral Board*, 295 Ill. App. 3d 728, 733, 692 N.E.2d 1217 (1998). Where there exists a general statutory provision and a specific statutory provision that relate to the same subject, the specific provision controls and should be applied. *People v. Villarreal*, 152 Ill. 2d 368, 379, 604 N.E.2d 923 (1992).

■ The language of pension statutes must be liberally construed in favor of the rights of the pensioner. *Matsuda v. Cook County Employees' & Officers' Annuity & Benefit Fund*, 178 Ill. 2d 360, 365-66, 687 N.E.2d 866 (1997).

■ The underlying purpose of a pension forfeiture statute is to discourage official malfeasance by causing a forfeiture of benefits to which a public official otherwise would be entitled. See *Kerner v. State Employees' Retirement System*, 72 Ill. 2d 507, 513, 382 N.E.2d 243 (1978) (interpreting section 14—199 of the Illinois Pension Code (Ill. Rev. Stat. 1975, ch. 108½, par. 14—199)). The rationale is to deter public officials from committing a breach of the public trust so that the public officials and their beneficiaries do not profit from their wrongdoing. *DiFiore v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 313 Ill. App. 3d 546, 551, 729 N.E.2d 878 (2000) (interpreting 40 ILCS 5/5—227 (West 1994)). There should be a nexus between the wrongful conduct and the receipt of the benefits; in the absence of the nexus, denying plaintiff his benefits would not further the legislative intent. See *DiFiore*, 313 Ill. App. 3d at 551.

■ While the felony-conviction statute refers to "any person," section 8—152 does not exclude widows with these types of felony convictions. Reading the statutes together, and construing them liberally, we conclude that section 8—152 is more specific on the issue of widow eligibility. The intent of section 8—251's "any person" must be to refer to the employee who is receiving an annuity—and not a widow or widower. There was no nexus between plaintiff's wrongdoing and the receipt of the widow's annuity benefit. Allowing plaintiff to receive a widow's annuity does not thwart the intent to deter malfeasance because plaintiff did not obtain the benefit of the widow's annuity by virtue of her wrongdoing.

The trial court erred in denying plaintiff her widow's annuity. On remand, it should enter an order directing defendants to pay plaintiff her annuity.

Plaintiff also argues that the Fund should have been required to answer her interrogatory that asked whether a widow would receive her widow's benefit if her spouse was convicted of a felony relating to his municipal employment. We do not reach this argument.

The judgment of the trial court is reversed, and the cause is remanded with directions.

Reversed and remanded with directions.

HALL, P.J., and BURKE, J., concur.