**COMMONWEALTH of Pennsylvania, PUBLIC SCHOOL EMPLOYES' RETIREMENT BOARD, Plaintiff,**

v.

**Carolyn MATTHEWS and Tussey Mountain School District, Defendants.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 2001.
Decided Sept. 12, 2002.

Leann T. Engler, Harrisburg, for plaintiff.

No appearance entered on behalf of defendant.

BEFORE: DOYLE, Senior Judge,[1] SMITH-RIBNER, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge DOYLE.

This litigation, in our original jurisdiction, is a declaratory judgment action filed by the Public School Employes' Retirement Board (Board),[2] and the issue before us is on a motion for judgment on the pleadings filed by the Board.

The relevant facts asserted by the Board are as follows. Carolyn Matthews became a member of the Public School Employes' Retirement System (PSERS) by virtue of her employment as a cafeteria worker with the Tussey Mountain School District (District), a position which qualifies as public employment under the Public Employee Pension Forfeiture Act,[3] commonly known as Act 140. Matthews simultaneously worked for the District in a separate position as a tax collector, although she was not a member of PSERS in that capacity.[4] It was in her position as tax collector that Matthews embezzled approximately $108,000 of the District's funds, and, on August 24, 1998, she pled guilty to charges under Section 3927(a) of the Crimes Code, 18 Pa.C.S. § 3927(a) (theft by failure to make required disposition of funds received),[5] a crime specifically

1. This case was assigned prior to the date when President Judge Doyle assumed the status of senior judge on January 1, 2002.

2. The declaratory judgment action was filed pursuant to Section 761 of the Judicial Code, 42 Pa.C.S. § 761.

3. Act of July 8, 1978, P.L. 752, *as amended*, 43 P.S. §§ 1311–1315.

4. The Board alleges that tax collectors are generally not entitled to membership in PSERS because they are independent contractors and that Matthews was not a member of PSERS in her capacity as tax collector. *See* Motion for Judgment on the Pleadings, para. 17.

5. Section 3927 provides:
    **Theft by failure to make required disposition of funds received**

enumerated as a forfeitable offense under Section 2(4) of Act 140, 43 P.S. § 1312(4) (Crimes related to public office or public employment). By order dated October 5, 1998, the Court of Common Pleas of Huntingdon County sentenced Matthews to pay the costs of prosecution and a supervision fee, imposed a $100.00 fine, and ordered Matthews to make restitution to the District in the amount of $108,150.61. It also ordered her to be placed under house arrest.

Section 3(a) of Act 140, 43 P.S. § 1313(a), prohibits a public official or public employee from receiving retirement benefits, excluding a return of contributions paid into a pension fund, where he or she is convicted, pleads guilty or no defense to any crime related to public office or public employment. Because Matthews earned her pension while working as a cafeteria worker but was convicted of a crime while employed in a separate position as a tax collector, the Board filed this action for a declaratory judgment seeking a declaration as to whether Act 140 operates to force Matthews to forfeit her pension in PSERS. Matthews did not file an answer to the Board's declaratory judgment action and the Board then filed this motion for judgment on the pleadings. Neither Matthews nor the District have filed a response to the Board's motion for judgment on the pleadings. Furthermore, this Court issued an order entered April 23, 2001, precluding them from filing a brief and from presenting oral argument.

Although Matthews was employed as tax collector, she was never entitled to receive pension benefits through PSERS incident to that position. Since it was in her separate position as cafeteria worker that Matthews was eligible to receive retirement benefits through PSERS, the Board has placed before us an issue of first impression, i.e., whether under Act 140 a public employee may forfeit retirement benefits that inured to her by virtue of one position of employment when she committed a crime related to a separate position of employment, through which she was not entitled to receive a pension under the State Employees' Retirement Plan.

■ Section 3(a) of Act 140 clearly prohibits a public employee from receiving retirement benefits upon conviction of a crime related to public employment. Section 3(a) provides:

> Notwithstanding any other provision of law, **no public official or public employee** nor any beneficiary designated by such public official or public employee shall be entitled to receive any retirement or other benefit or payment of any kind except a return of the contribution paid into any pension fund without interest, if such public official or public employee is convicted or pleads guilty or no

---

(a) **Offense defined.**— A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition. The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the failure of the actor to make the required payment or disposition.

(b) **Presumptions.**— An officer or employee of the government or of a financial institution is presumed:

(1) to know any legal obligation relevant to his criminal liability under this section; and

(2) to have dealt with the property as his own if he fails to pay or account upon lawful demand, or if an audit reveals a shortage or falsification of accounts.

defense to any crime related to public office or public employment.

43 P.S. § 1313(a) (emphasis added). Section 2 of Act 140, 43 P.S. § 1312, defines "public official" and "public employee" as:

> [a]ny person who is elected or appointed to any public office or employment.... This term shall not include independent contractors nor their employees or agents under contract to the Commonwealth or political subdivision nor shall it apply to any person performing tasks over which the Commonwealth or political subdivision has no legal right of control. **However, this term shall include all persons who are members of any retirement system funded in whole or in part by the Commonwealth or any political subdivision.**

43 P.S. § 1312 (emphasis added).

Therefore, we conclude that included within the definition of "public official" and "public employee" found in Section 2 of Act 140, is a person who is elected to **any** public office or employment. The Board alleges in its pleadings that Matthews was elected to the position of tax collector (Action for Declaratory Judgment, para. 6) and that "[t]he embezzlement of District tax money occurred as a result of Matthews' public employment as a tax collector, not as a result of her public employment as a cafeteria worker." (Action for Declaratory Judgment, para. 13). Since it is not in dispute that Matthews was elected to the position of tax collector, her position falls into the definition of "public employment," and, according to Section 2, since the term "public official" includes "*all* persons who are members of any re-

tirement system funded in whole or in part by the Commonwealth," (PSERS), Matthews, because she was a member of PSERS incident to her position of cafeteria worker, she was therefore a "public employee" in that capacity as well.

Under Section 3(a), a public employee is not entitled to receive any pension benefits, except a return of contributions, paid into any pension fund if the employee is convicted of a crime "related to public office or public employment." As previously stated, Matthews pled guilty to theft by failure to make required disposition of funds received pursuant to Section 3927(a) of the Crimes Code, 18 Pa.C.S. § 3927(a). Section 2(4) of Act 140, specifically includes this crime as a crime related to public office or public employment. Accordingly, Matthews was convicted of a crime related to public employment. *See Apgar v. State Employes' Retirement System*, 655 A.2d 185 (Pa.Cmwlth.1994) (where we upheld the Board's mandate of a forfeiture of retirement benefits of an income maintenance casework supervisor for the Department of Public Welfare who pled guilty to theft by deception, among other crimes); *Gierschick v. State Employees' Retirement Board*, 733 A.2d 29 (Pa.Cmwlth.1999), *petition for allowance of appeal denied*, 561 Pa. 702, 751 A.2d 194 (2000) (where we upheld a decision of the Board requiring a forfeiture of retirement benefits of a corrections officer, who was convicted of perjury for his false testimony at a grand jury hearing concerning events that took place at his place of employment).[6]

---

**6.** In its answer to the Board's declaratory judgment action, the District states under the heading, "Relief Sought": "WHEREFORE, Defendant, [District], seeks a declaration by this Court that Act 140 applies to Defendant, Matthews, so that she would forfeit her monies contributed to the PSERS and that those

monies be paid directly over to the [District]." Since the District improperly raised these issues in its answer to the Board's complaint, we need not address them here. However, if we were to reach this particular issue, Section 4 of Act 140, 43 P.S. § 1314 would seem

We have been unable to uncover any case law in which the courts have dealt with the precise issue of whether a public employee must forfeit retirement benefits that inured to her by virtue of one position of public employment when she commits a crime related to public employment while employed in another position of public employment. However, Act 140 clearly and unambiguously requires a forfeiture of benefits of a public employee who commits a forfeitable offense. And, a statute must be read in accordance with its plain and common meaning when it is clear and unambiguous on its face. *Paul J. Dooling Tire Co. v. City of Philadelphia.*, 789 A.2d 364 (Pa.Cmwlth.2001). Furthermore, Act 140 contains no requirement that the pension benefits that are forfeited be necessarily connected to the public employment related to crime the public employee committed.

Accordingly, we declare that Section 3(a) of Act 140 requires Matthews to forfeit her pension benefits because she was a public employee at the time she committed a crime related to public employment, a forfeitable offense pursuant to Section 2 of Act 140, and we grant the Board's motion for judgment on the pleadings in its action seeking a declaratory judgment.

### *ORDER*

AND NOW, this 12th day of September, 2002, the motion for judgment on the pleadings filed by the Public School Employes' Retirement Board in the above-captioned matter is hereby granted.

to control. Section 4 provides, in part, as follows:

Restitution for monetary loss

. . . .

(c) Notwithstanding any law or provision of law exempting the pension account or benefits of any public official or public employee from garnishment or attachment, whenever the court shall order restitution or establish the amount of restitution due after petition, **all sums then credited to the defendant's account or payable to the defendant including the contributions shall be available to satisfy such restitution order.** (d) The retirement board, administrator of the pension fund or employer of the defendant, upon being served with a copy of the court's order, shall pay over all such pension benefits, **contributions** or other benefits to the extent necessary to satisfy the order of restitution.

(Emphasis added).