C. AUGUST TADDEO, Plaintiff-Appellee, v. THE BOARD OF TRUSTEES OF THE ILLINOIS MUNICIPAL RETIREMENT FUND *et al.*, Defendants-Appellants.

First District (1st Division)    No. 1—03—2950

Opinion filed September 27, 2004.

---

Michael B. Weinstein, of Illinois Municipal Retirement Fund, of Chicago, for appellants.

Robert J. Wagner, of Robert J. Wagner, P.C., of Chicago, for appellee.

JUSTICE McBRIDE delivered the opinion of the court:

Defendants, the Board of Trustees of the Illinois Municipal Retirement Fund (the Board), appeal the trial court's reversal of its decision to deny plaintiff, C. August Taddeo, his pensions from his employment as mayor of Melrose Park and as township supervisor for Proviso Township in accordance with section 7—219 of the Illinois Pension Code (Pension Code or Code) (40 ILCS 5/7—219 (West 1998)). The Board had held that plaintiff forfeited his entire pension when he was convicted of a felony arising from his position as mayor of Melrose

Park. Plaintiff sought administrative review in the circuit court. The court disagreed with the Board and ruled that plaintiff was entitled to his pension from his position as Proviso Township supervisor.

The parties do not dispute the facts in this case.

In April 1969, plaintiff was elected township supervisor for Proviso Township, and he held that position until his retirement in July 1999. In 1972, plaintiff became the mayor of Melrose Park. Plaintiff's final term as mayor ended in April 1997. From May 1977 until April 1997, plaintiff earned concurrent service for his participation in the Illinois Municipal Retirement Fund (IMRF).

At the time of his retirement, plaintiff had a total of 30 years and 4 months of IMRF service credits with 19 years and 9 months being concurrent service with the Village of Melrose Park and Proviso Township. Plaintiff's contributions were calculated separately for each IMRF position. Plaintiff made employee contributions in the amount of $47,546.02 from his wages as mayor of Melrose Park and $38,455.71 from his wages as township supervisor for Proviso Township.

In August 1999, plaintiff entered into a plea agreement for the felony offenses of extortion under the color of official right and making a false statement on a federal income tax return in the United States District Court for the Northern District of Illinois, Eastern Division. Plaintiff admitted that during his service as mayor of Melrose Park, he appointed Nicholas Spina as village attorney from 1988 to 1994 in exchange for periodic cash payments to plaintiff. Plaintiff also admitted that he failed to report those payments as income on his federal income tax returns. Plaintiff received a sentence of 27 months in prison and a fine of $40,000. Plaintiff was ordered to repay to the government the $11,000 that he extorted from the Melrose Park village attorney. Plaintiff conceded that these felony convictions were "related to or arising out of or in connection with" his service as mayor of Melrose Park.

In December 1999, the IMRF notified plaintiff by letter that it was terminating his pension benefits for both positions as a result of plaintiff's conviction arising out of or in connection with his employment as mayor of Melrose Park. No reference was made to any allegation of misconduct relating to plaintiff's employment as township supervisor.

In March 2002, plaintiff requested an appeal hearing before the Board as to the termination of his pension benefits. At the December 2002 hearing, plaintiff challenged the decision to terminate his pension benefits earned as township supervisor. Plaintiff asserted that a nexus must exist between the criminal conduct, plaintiff's official duties, and the receipt of benefits in order for the pension benefits to be

terminated. The Board held that all of plaintiff's pension benefits were forfeited under its interpretation of section 7—219 and did not take into consideration that the convictions related to only one of plaintiff's IMRF positions.

Following the Board's decision, plaintiff filed a complaint for administrative review with the circuit court. The parties filed cross-motions for summary judgment. The circuit court rejected the Board's interpretation of section 7—219 and reinstated plaintiff's pension benefits from his township supervisor position. The circuit court interpreted section 7—219 to mean that plaintiff's felony conviction only caused the forfeiture of his pension as mayor because no nexus existed between the conviction and his service as Proviso Township supervisor. On appeal, the Board argues that the circuit court's construction of section 7—219 contravenes the legislative intent behind the forfeiture provisions of the Code because it ignored the plain language of the statute.

When a party appeals the circuit court's decision on a complaint for administrative review, the appellate court's role is to review the administrative decision rather than the circuit court's decision. *Siwek v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 324 Ill. App. 3d 820, 824 (2001). Although a reviewing court may not reverse findings of fact made by an administrative agency unless they are contrary to the manifest weight of the evidence, an issue of statutory construction raises a question of law subject to *de novo* review. *Siwek*, 324 Ill. App. 3d at 824.

■ Section 7—219 provides:

"None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as an employee." 40 ILCS 5/7—219 (West 1998).

Statutory construction requires courts to ascertain and give effect to the intent of the legislature. *Shields v. Judges' Retirement System*, 204 Ill. 2d 488, 493-94 (2003). Where statutory language is clear, it must be applied as written; however, if the language is susceptible to more than one interpretation, the court may look beyond the language to consider the legislative purpose. *Shields*, 204 Ill. 2d at 494. Legislative intent must be ascertained from a consideration of the entire act, its nature, its object, and the consequences resulting from different constructions. *Shields*, 204 Ill. 2d at 494. The language of pension statutes must also be liberally construed in favor of the rights of the pensioner. *Shields*, 204 Ill. 2d at 494.

The Board advocates a broad interpretation of section 7—219. In its view, "employee" should mean an employee of any IMRF employer

rather than a specific IMRF employer. Under this interpretation, plaintiff would lose both pensions without considering whether the conviction had any connection to his employment with Proviso Township. The Board also emphasizes the words "none" and "any" in the statutory language as an indication that the legislature meant to disqualify plaintiff's pension for concurrent employment.

The Board relies on *Kerner v. State Employees' Retirement Systems*, 72 Ill. 2d 507 (1978), to support its literal interpretation. In *Kerner*, the supreme court stated that the language of the Code is clear and unambiguous and that a literal interpretation advances the legislative intent "to discourage official malfeasance by denying the public servant convicted of unfaithfulness to his trust the retirement benefits to which he otherwise would have been entitled." *Kerner*, 72 Ill. 2d at 513. The question before the court in *Kerner* was whether "convicted of any felony" only referred to felonies under Illinois law or if the language included federal felonies. *Kerner*, 72 Ill. 2d at 512. The *Kerner* court construed "any felony" broadly to mean felonies under Illinois and federal law "so long as the offense was a 'felony relating to or arising out of or in connection with' " service as an employee. *Kerner*, 72 Ill. 2d at 513, quoting Ill. Rev. Stat. 1975, ch. 108½, par. 14—199.

We note that this holding in *Kerner* specifically used the phrase "relating to or arising out of or in connection with" to modify the use of the word "felony." The *Kerner* court did not construe the statute as broadly as the Board now asks this court to do. The Board does not acknowledge the statute's use of "relating to or arising out of or in connection with" to modify "any felony." Rather, the Board focuses on the word "any" and urges this court to apply its commonsense definition. The *Kerner* court properly restricted its construction of "any felony" to mean only those "relating to or arising out of or in connection with" the pensioner's employment, and the Board's argument neglects to fully consider the complete language of section 7—219.

Plaintiff points out that section 7—219 makes no reference to concurrent service and the forfeiture of unrelated pension benefits for an unrelated felony. Plaintiff cites to *Devoney v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 199 Ill. 2d 414, 419 (2002), where the supreme court stated that "[w]hen applying the pension disqualification statutes, [including section 7—219,] the pivotal inquiry is whether a nexus exists between the employee's criminal wrongdoing and the performance of his official duties." This interpretation has been applied consistently by Illinois courts in determining whether to disqualify the receipt of a pension. See *Devoney*, 199 Ill. 2d at 423-24 (finding the nexus where an officer's participation in mail fraud was the product of his status as a law enforcement official); *Siwek*, 324 Ill.

App. 3d at 829 (police officer's involvement in narcotics sales connected to his career specialization in narcotics violations); *Cirignani v. Municipal Employees', Officers' & Officials' Annuity & Benefit Fund*, 317 Ill. App. 3d 732, 736 (2000) (no nexus between plaintiff's felony conviction and her receipt of the widow's annuity benefit, even though plaintiff lost own pension as a result of wrongdoing); *Cullen v. Retirement Board of Policeman's Annuity & Benefit Fund*, 271 Ill. App. 3d 1105, 1109 (1995) (no connection between off-duty officer's commission of murder and his service as a police officer).

In this case, the circuit court followed this line of cases in finding no nexus and upholding plaintiff's Proviso Township pension. The Board asserts that this interpretation defeats the purpose behind the statute as stated in *Kerner* by encouraging official misfeasance. We disagree.

■ While the question raised in this case differs from prior decisions, we are guided by their construction of pension disqualification statutes. These cases considered the pension disqualification statutes liberally in favor of the pensioner and only found disqualification of the pension when a connection was found between the felony conviction and the pensioner's employment. This construction prevents the disqualification of pension benefits without first considering the felony conviction in connection with the employment. The policy behind section 7—219 is still accomplished where the connection is found and the pension is forfeited. Section 7—219 discourages IMRF pensioners from committing a felony that is connected to their employment, and the mere fact that a person only loses part of his pension does not negate the policy.

In the case of concurrent employment, we see no reason to depart from this construction. Here, plaintiff still suffers a penalty under section 7—219 in the loss of his Melrose Park pension. However, as plaintiff points out and the Board does not argue otherwise, there is no evidence that connects plaintiff's felony convictions to his position as Proviso Township supervisor. Absent such a connection, we will not disqualify plaintiff's Proviso Township pension. Accordingly, we agree with the trial court's interpretation of section 7—219 and affirm its decision to reverse the Board's denial of plaintiff's pension earned by his service as township supervisor of Proviso Township.

■ The Board also raises an argument that plaintiff's concurrent service in IMRF resulted in a benefit to plaintiff that was forfeited by his felony conviction. According to the Board, the Pension Code provides for the computation of only one month of service credit in each calendar month, regardless of the number of positions held. For example, when plaintiff worked for both the Village of Melrose Park

and Proviso Township, he was only able to earn one month of service credit even though he was working for two employers. The Board suggests that plaintiff received a benefit because the computation of his monthly pension benefit was determined based on his final rate of earnings, which in plaintiff's case was the combined salary from both positions. The Board contends that this computation did not create two separate pensions and plaintiff would be receiving service credit for the years he forfeited.

Plaintiff counters that the service credit computation is not a benefit. Rather, plaintiff states that it is a pension rule to prohibit "stacking" of service credits for concurrent service. This provision diminishes a concurrent employee's service credits. Here, plaintiff's 19-year service as mayor was subsumed by his 30-year township service credit. Plaintiff also cites to three sections in Article 7 of the Pension Code to support his argument that the Pension Code intended for contributions to be segregated and accounted for separately. See 40 ILCS 5/7—203, 7—204, 7—205 (West 2000).

In its decision, the circuit court found that the statute does not preclude the IMRF from calculating plaintiff's benefit only on the basis of his position of town supervisor. The circuit court stated that "while the actual benefit amount paid may be a result of combining the contributions from concurrent employment, the right to separate benefits was earned by [plaintiff] independently." The court noted that the attorney for the Board conceded at argument that if plaintiff had opted not to participate in the IMRF as mayor, then the pension benefits earned as township supervisor would not have been affected, regardless of the wrongdoing as mayor. The circuit court believed that its interpretation would not defeat the effect of section 7—219.

We agree with the circuit court. Plaintiff earned separate pension benefits from both positions, and his loss of one does not result in the loss of both without some connection. Further, the IMRF kept separate records for each position. The record on appeal contains separate IMRF computations of plaintiff's service credits and contributions for each position. The result of plaintiff's disqualification makes it as though the pension earned as mayor never existed, and plaintiff no longer has concurrent service credits.

We acknowledge the Board's argument recommending this court to follow the recent decision of Grever v. Board of Trustees of the Illinois Municipal Retirement Fund, No. 03MR711 (Lake Co. Cir. Ct. 2003) (Grever). In that case, the Lake County circuit court construed section 7—219 broadly to find that a felony conviction as an employee in any capacity forfeits all IMRF pension benefits. We disagree with this interpretation for the reasons stated in our analysis, and observe

that a circuit court decision is not binding on this court (*Hartmarx Corp. & Subsidiaries v. Bower*, 309 Ill. App. 3d 959, 971 (1999)).

Moreover, we are not persuaded by the Board's reference to a Pennsylvania case involving the disqualification of pensions for a concurrent employee as a result of wrongdoing in one position. See *Commonwealth of Pennsylvania Public School Employees' Retirement Board v. Matthews*, 806 A.2d 971 (Pa. Commw. 2002). The Board points out that the Lake County circuit court cited to a remark in *Matthews* stating that the statute at issue contained "no requirement that the pension benefits that are forfeited be necessarily connected to the public employment related to [the] crime the public employee committed." *Matthews*, 806 A.2d at 975. While the language in Illinois pension disqualification statutes, including section 7—219, does not require a connection between the criminal wrongdoing and the employment, Illinois courts have interpreted the statutes to require such a nexus. See *Devoney*, 199 Ill. 2d at 423-24; *Siwek*, 324 Ill. App. 3d at 829; *Cirignani*, 317 Ill. App. 3d at 736; *Cullen*, 271 Ill. App. 3d at 1109. The circuit court in *Grever* failed to address this precedent, and therefore, we disagree with the circuit court's decision.

For the foregoing reasons, we affirm the decision of the circuit court of Cook County.

Affirmed.

GORDON and O'MALLEY, JJ., concur.