ROBERT L. GREVER, Plaintiff-Appellant, v. THE BOARD OF TRUSTEES OF THE ILLINOIS MUNICIPAL RETIREMENT FUND *et al.*, Defendants-Appellees.

Second District No. 2—03—1238

Opinion filed November 4, 2004.—Rehearing denied November 29, 2004.

James C. Bakk, of Law Offices of James C. Bakk, of Waukegan, for appellant.

Michael B. Weinstein, of Illinois Municipal Retirement Fund, of Oak Brook, for appellees.

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, Robert L. Grever, appeals from the judgment of the circuit court of Lake County affirming a decision of the Board of Trustees (Board) of the Illinois Municipal Retirement Fund (Fund) disqualifying plaintiff from receiving benefits from the Fund because of felony convictions. We reverse and remand.

Plaintiff served as supervisor of Ela Township (Township) in Lake County (County) from 1981 to 2001. From 1990 to 2000, plaintiff was also a member of the Lake County Board and a commissioner for the Lake County Forest Preserve District (District). The Township, the County, and the District all participate in the Fund, which provides retirement and other benefits to their employees (including officers such as plaintiff). The Fund is governed by Article 7 of the Illinois Pension Code (Code) (40 ILCS 5/7—101 *et seq.* (West 2002)). However, in 2002, plaintiff was convicted of multiple counts of official misconduct (720 ILCS 5/33—3 (West 1998)), a Class 3 felony, in connection with the performance of his duties as Township supervisor. Thereafter, he received notice from the Fund of an administrative staff determination that the felony convictions disqualified him from receiving any further benefits from the Fund. Plaintiff unsuccessfully

appealed the administrative staff decision to the Board, which issued a final decision disqualifying plaintiff from receiving any benefits from the Fund. He then filed a complaint seeking administrative review of the Board's decision. The circuit court affirmed the Board's decision, and this appeal followed.

■ We initially consider the appropriate standard of review. In an appeal from an administrative review proceeding, we review the decision of the agency, not the judgment of the trial court. *Du Page County Board of Review v. Department of Revenue*, 339 Ill. App. 3d 230, 235 (2003). The findings and conclusions of an administrative agency on questions of fact are deemed *prima facie* true and correct and will not be disturbed on review unless they are against the manifest weight of the evidence. *Trettenero v. Police Pension Fund*, 333 Ill. App. 3d 792, 801 (2002). Here, however, the relevant facts are not really in dispute. Rather, this appeal raises an issue of statutory construction, which is a question of law. *O'Callaghan v. Retirement Board of Firemen's Annuity & Benefit Fund*, 302 Ill. App. 3d 579, 582 (1998). "Illinois courts may defer to an administrative agency's interpretations and enforcement of statutes because of the considerable experience and expertise it may have concerning the issues before it." *Rockwood Holding Co. v. Department of Revenue*, 312 Ill. App. 3d 1120, 1123 (2000). However, an administrative agency's interpretation of a statute is not binding on this court. *O'Callaghan*, 302 Ill. App. 3d at 582.

■ Turning to the merits, section 7—219 of the Code provides, "[n]one of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as an employee." 40 ILCS 5/7—219 (West 2002). There is no dispute that plaintiff's felony convictions related to or arose out of or in connection with his service as an employee of the Township, and plaintiff concedes that he has forfeited the right to any benefits earned through service to the Township. The parties differ, however, on the *extent* of the forfeiture under section 7—219. Plaintiff contends that the forfeiture applies only to benefits earned from his service as an employee of the Township and that he is entitled to benefits accruing from his employment with the County and the District. The Board contends that the forfeiture applies to *all* benefits payable from the Fund regardless of the positions from which they were earned.

■ We find the recent First District case of *Taddeo v. Board of Trustees of the Illinois Municipal Retirement Fund*, 353 Ill. App. 3d 48 (2004), to be directly on point. In *Taddeo*, the plaintiff, who had been convicted of a felony arising from his position as mayor of Melrose Park, was denied pensions from his employment with Melrose Park as

well as from his employment as township supervisor for Proviso Township. *Taddeo*, 353 Ill. App. 3d at 49-50. After setting out the standard of review as we have above, the First District relied on case law interpreting pension disqualification statutes in holding that the plaintiff was entitled to pension benefits for his Proviso Township employment because there was no connection between the plaintiff's criminal wrongdoing and the performance of his Proviso Township employment. *Taddeo*, 353 Ill. App. 3d at 52-53, citing *Devoney v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 199 Ill. 2d 414, 419 (2002); *Siwek v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 324 Ill. App. 3d 820, 824 (2001); *Cullen v. Retirement Board of the Policeman's Annuity & Benefit Fund*, 271 Ill. App. 3d 1105, 1109 (1995). We agree with the holding in *Taddeo* that there must be a nexus between an employee's wrongdoing and his performance of his official duties in order for the employee's pension to be forfeited. Because that nexus is lacking in regard to plaintiff's employment with the County and with the District, we hold that plaintiff is not disqualified from receiving benefits accruing from his employment with those entities.

Our holding is bolstered by our independent reading of the statute. The cardinal rule of statutory construction is that the court must ascertain and give effect to the intent of the legislature. *In re Marriage of King*, 208 Ill. 2d 332, 340 (2003). In doing so, the court should look first to the language of the statute, giving the terms their plain and ordinary meaning. *King*, 208 Ill. 2d at 340. In determining the legislature's intent, the court should consider, in addition to the statutory language, the reason for the law, the problems to be remedied, and the objects and purposes sought. *People v. Smith*, 345 Ill. App. 3d 179, 185 (2004). Where the language is clear and unambiguous, the court must apply the statute without resort to further aids of statutory construction. *Hall v. Henn*, 208 Ill. 2d 325, 330 (2003).

The Board maintains that under the plain language of the statute, an employee convicted of a felony in connection with his or her employment is entitled to "none of the benefits" provided for under Article 7 of the Code. The Board reasons that the forfeiture here extends to benefits that plaintiff earned through service with the County and the District because such benefits are provided for under Article 7. We believe that the Board's interpretation is overly literal. "[C]ourts must avoid reading statutory language either too literally or too broadly, and must try to garner what the legislature intended." *Village of Lake Villa v. Bransley*, 348 Ill. App. 3d 280, 284 (2004). A literal interpretation is not controlling where the spirit and intent of the General Assembly in enacting a statute are clearly expressed, its objects and

purposes are clearly set forth, and a literal interpretation of a particular clause would defeat the obvious intent (*In re Detention of Lieberman*, 201 Ill. 2d 300, 312 (2002)); where literal enforcement of a statute will result in great injustice that was not contemplated by the General Assembly (*Robinson v. Meadows*, 203 Ill. App. 3d 706, 710 (1990)); or where a literal interpretation would lead to an absurd result (*Grams v. Autozone, Inc.*, 319 Ill. App. 3d 567, 570 (2001)).

These considerations militate against applying the statute to cause a forfeiture of benefits from employment unrelated to the misconduct. The purpose of the forfeiture provision is to "discourage official malfeasance by causing a forfeiture of benefits to which a public official otherwise would be entitled." *Cirignani v. Municipal Employees', Officers', & Officials' Annuity & Benefit Fund*, 317 Ill. App. 3d 732, 736 (2000). "The rationale is to deter public officials from committing a breach of the public trust so that the public officials *** *do not profit from their wrongdoing.*" (Emphasis added.) *Cirignani*, 317 Ill. App. 3d at 736. Plaintiff has not been found guilty of any wrongdoing in connection with his employment with the County and the District. Accordingly, forfeiture of pension benefits earned from that employment would not serve the purpose of the forfeiture provision and would defeat the salutary objectives of Article 7 of the Code. Moreover, our review reveals nothing to indicate that the General Assembly specifically contemplated this situation, where an individual earns benefits from several municipal employers but commits malfeasance only in connection with one, and we believe that a literal application of the statute to strip an employee of benefits fairly earned and untainted by malfeasance would amount to a substantial injustice. Thus, although the statute does not explicitly limit the scope of the forfeiture to benefits from service to any particular municipal employer, such a limitation is reasonably implicit. That which is implied in a statute is as much a part of it as that which is expressed. *Baker v. Miller*, 159 Ill. 2d 249, 260 (1994). Additionally, the language of pension statutes must be liberally construed in favor of the rights of the pensioner. *Shields v. Judges' Retirement System of Illinois*, 204 Ill. 2d 488, 494 (2003). Accordingly, based on our adoption of the holding in *Taddeo* and also our independent review of the statute, we conclude that a conviction of a felony in connection with service to a particular municipal employer results in the forfeiture of benefits earned only from that particular employment relationship.

The Board also contends that one of the benefits available to municipal employees under Article 7 is the ability to earn service credit for concurrent service with different municipal employers and to combine earnings for purposes of determining the size of their

retirement annuities. According to the Board, section 7—219 results in the forfeiture of concurrent service credit. The Board further contends that "since all of [the] calendar months [of concurrent service] must be used in order to calculate a pension for plaintiff's employment with Lake County, plaintiff's entire pension must be forfeited." To the contrary, even if plaintiff forfeits credit for service with the Township, it is still possible to calculate his pension benefits based on earnings and credit for service with the County and the District. Doing so would eliminate any benefits related to service with the Township and thus effectuate section 7—219. Accord *Taddeo*, 353 Ill. App. 3d at 54 ("The result of plaintiff's disqualification makes it as though the pension earned as mayor never existed, and plaintiff no longer has concurrent service credits").

For the foregoing reasons, we reverse the judgment of the circuit court of Lake County and remand for entry of judgment reinstating plaintiff's pension rights in connection with his service to the County and the District.

Reversed and remanded.

GROMETER and KAPALA, JJ., concur.