TIMOTHY E. WELLS, Plaintiff-Appellant, v. THE BOARD OF TRUSTEES OF THE ILLINOIS MUNICIPAL RETIREMENT FUND *et al.*, Defendants-Appellees.

Second District    No. 2—04—0828

Opinion filed September 30, 2005.—Rehearing denied October 28, 2005.

718

Ralph A. Strathmann, of Law Office of Ralph Strathmann, of Waukegan, and Thomas M. Schippers, of Thomas M. Schippers, P.C., of Libertyville, for appellant.

Michael B. Weinstein, of Illinois Municipal Retirement Fund, of Oak Brook, for appellees.

JUSTICE GROMETER delivered the opinion of the court:

Plaintiff, Timothy E. Wells, appeals a judgment of the circuit court of Lake County that affirmed the judgment of the Board of Trustees of the Illinois Municipal Retirement Fund (collectively with its members, defendant) terminating his retirement benefits pursuant to section 7—219 of the Illinois Pension Code (Code) (40 ILCS 5/7—219 (West 2000)). On appeal, plaintiff argues that defendant erred in (1) terminating his pension for conduct occurring after he ceased employment, (2) terminating his pension even though this action did not advance the policy behind section 7—219, and (3) terminating his entire pension when the conduct that formed the basis of the termination related to only one position he held during his employment with the Village of Antioch. For the reasons that follow, we affirm.

The relevant facts of this case are few. Plaintiff was employed by the Village of Antioch from 1974 until 2001. From 1974 to 1976, he worked as a laborer. From 1976 to 1986, plaintiff was the foreman of the village's water and sewer department. In 1987, plaintiff became the director of Antioch's public works department, a position he held until May 1990. The balance of his tenure as a village employee was served as the village administrator. This service would normally entitle plaintiff to a pension.

On August 7, 2002, plaintiff pleaded guilty to two felonies: forgery (720 ILCS 5/17—3 (West 2000)) and perjury (720 ILCS 5/32—2 (West 2000)). As a result of a plea agreement, the State dismissed 13 additional counts upon which plaintiff had been indicted. All counts stemmed from the handling of $1.5 million that a resident bequeathed to the village to build a senior center. The village board directed plaintiff to set up a fund for this purpose; however, plaintiff authorized

the expenditure of the fund to construct a new police station. A special investigator, Mark Hansen, was assigned to investigate the handling of the bequest. On November 2, 2001, plaintiff delivered to Hansen a document purportedly signed by Antioch's former mayor that authorized spending certain funds in hiring Paul Howard. Later, testifying before a Lake County grand jury, plaintiff falsely testified that the document had been signed by the mayor. Based on plaintiff's guilty pleas, defendant terminated plaintiff's pension.

■ ■ Section 7—219 of the Code, upon which defendant relied in terminating plaintiff's retirement benefits, provides, in pertinent part, as follows: "None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as an employee." 40 ILCS 5/7—219 (West 2000). Resolution of this appeal relies largely on the construction of this section, which is subject to *de novo* review. *Shields v. Judges' Retirement System of Illinois*, 204 Ill. 2d 488, 492 (2003). However, as this case involves administrative review, the following additional principles are relevant. On administrative review, we review the decision of the agency rather than that of the trial court. *Metropolitan Water Reclamation District of Greater Chicago v. Department of Revenue*, 313 Ill. App. 3d 469, 474 (2000). While we will accord considerable deference to an agency's interpretation of a statute it is charged with administering, its interpretation is not binding upon us and will be rejected if erroneous. *City of Decatur v. American Federation of State, County, & Municipal Employees, Local 268*, 122 Ill. 2d 353, 361 (1988). Moreover, the agency's findings and conclusions are deemed *prima facie* correct and will not be disturbed unless they are contrary to the manifest weight of the evidence. *Soho Club, Inc. v. Department of Revenue*, 269 Ill. App. 3d 220, 228 (1995). The language of pension statutes is to be construed liberally in favor of pensioners. *Mattis v. State Universities Retirement System*, 212 Ill. 2d 58, 76 (2004).

Plaintiff first contends that his convictions were not for conduct arising out of his service as an Antioch employee, as required by section 7—219. This relationship described by the statute has been construed to be one of causation. See, *e.g.*, *Devoney v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 199 Ill. 2d 414, 423 (2002) (Construing a section of the Code similar to that at issue in the present case, the supreme court found, "Based upon these circumstances, there was ample ground for the Retirement Board's finding that 'but for the fact that Devoney was a Police Officer of high rank,' he 'would not have been in a position or selected to participate in the scheme to defraud [which led to his conviction].' Because Devoney's

participation in the scheme to defraud was the product of his status as a law enforcement official, we believe that the nexus required by section 5—227 of the Pension Code (40 ILCS 5/5—227 (West 1998)) was present"). Other courts have framed the inquiry as whether one's employment was a substantial factor in the felony, in the style of proximate causation. *Bloom v. Municipal Employees' Annuity & Benefit Fund*, 339 Ill. App. 3d 807, 815 (2003). The parameters of the inquiry are very broad, and, as the court in *Goff v. Teachers' Retirement System*, 305 Ill. App. 3d 190, 195 (1999), explained, a felony arises out of and is connected to employment if "its origin is in *some way* connected with the employment so that there is a causal connection." (Emphasis in original.)

■ Plaintiff's entire argument on this point is based upon the fact that the offenses to which he pleaded guilty occurred after his employment with the village ceased. Plaintiff reasons, "it appears to be a logical and legal impossibility for a nexus to exist between an offense and employment if no employment relationship actually existed at the time of the offense." We find this reasoning unpersuasive. The relationship required by section 7—219 is causal. Quite simply, plaintiff would not have committed forgery at all if he had not been employed by the village, because the forgery was an attempt to justify actions he committed on the job. The perjury was an attempt to cover up the forgery and otherwise thwart the investigation into plaintiff's activities as the village administrator. Moreover, plaintiff's employment was certainly a substantial factor in the occurrence of the crimes, as the crimes were attempts to cover up activities that plaintiff undertook in the scope of his employment. Thus, whether analyzed under a but-for or substantial-factor standard, plaintiff's convictions were related to his employment in a causal sense. Plaintiff argues that in every published Illinois case, the offense that formed the basis for the forfeiture of benefits occurred when the pensioner was actually employed. This consideration is irrelevant, as the cases cited above clearly establish that the relationship between offense and employment is causal rather than temporal.

■ Plaintiff next argues that the policy underlying section 7—219 is not served by the termination of his benefits. Indeed, the policy behind the statute has been articulated as "to deter public officials from committing a breach of the public trust so that the public officials and their beneficiaries do not profit from their wrongdoing." *Cirignani v. Municipal Employees', Officers', & Officials' Annuity & Benefit Fund*, 317 Ill. App. 3d 732, 736 (2000). Plaintiff points out that he did not profit from his wrongdoing and that, in fact, the village gained a police station. In a sense, however, plaintiff's acts of forgery

and perjury were attempts to profit, because these acts were intended to avoid criminal prosecution for earlier acts. Thus, plaintiff would have benefitted by the crimes had his ruse been successful.

■ More importantly, section 7—219 itself imposes no requirement that a felon have profited from his or her crime. See 40 ILCS 5/7—219 (West 2000). Instead, it quite simply states that anyone convicted of a felony that either arises out of or is connected to his or her employment is not entitled to any of the benefits provided by the Code. 40 ILCS 5/7—219 (West 2000). A court may not depart from the plain language of a statute and impose conditions or limitations not expressed by the legislature. *In re Michelle J.*, 209 Ill. 2d 428, 437 (2004). Plaintiff requests that we do just that, and it is a request we are bound to deny. Therefore, plaintiff's assertion that "[i]n every pension forfeiture case considered by the Illinois courts, the pensioner received a direct profit and/or personal benefit from the illicit activity" is plainly irrelevant under the statutory scheme. That no court has considered the precise issue before us provides no basis for interpreting section 7—219 in a manner inconsistent with its plain language.

■ Plaintiff also points out that neither the village nor the State's Attorney's office wanted him to lose his pension benefits. In fact, both have signed affidavits stating so. Again, under section 7—219, these considerations are entitled to no weight. The operation of the statute as written by the legislature is automatic. A person convicted of a felony that either arises out of or is connected to his or her employment loses his or her pension benefits. Undeniably, the statute is harsh, leaving no room for the consideration of equitable matters or the granting of lenity.

■ Finally, plaintiff contends that only the portion of his pension related to his employment as village administrator should be forfeited, for, plaintiff continues, it is only that position to which his felonies are related. Plaintiff relies on two recent cases in support of this argument: this court's opinion in *Grever v. Board of Trustees of the Illinois Municipal Retirement Fund*, 353 Ill. App. 3d 263 (2004), *appeal allowed*, 214 Ill. 2d 541 (2005), and the First District's opinion in *Taddeo v. Board of Trustees of the Illinois Municipal Retirement Fund*, 353 Ill. App. 3d 48 (2004), *appeal allowed*, 213 Ill. 2d 576 (2005). In these cases, each plaintiff was an employee of more than one entity participating in the retirement fund. *Grever*, 353 Ill. App. 3d at 264; *Taddeo*, 353 Ill. App. 3d at 49. Each was convicted of a felony that related to his employment with one of the entities. *Grever*, 353 Ill. App. 3d at 264; *Taddeo*, 353 Ill. App. 3d at 50. Both courts held that retirement benefits earned in the service of a municipal employer dif-

ferent from the one to which each plaintiff's felony conviction was related were not forfeited under section 7—219. *Grever*, 353 Ill. App. 3d at 265-66; *Taddeo*, 353 Ill. App. 3d at 53.

Plaintiff argues that the rule announced in those two cases should be extended to include the situation present in this case, where plaintiff, though working for one municipal employer, held several positions during his employment. According to plaintiff, only those benefits that accrued while he held the position to which his convictions are related should be terminated. We disagree and find *Grever* and *Taddeo* distinguishable. *Grever* and *Taddeo* involved employment with two distinct employers; this case does not. We find that difference dispositive.

First, we note that the plain language of the statute supports this distinction. Section 7—219 uses the term "service as an employee." 40 ILCS 5/7—219 (West 2000). An "employee" is simply defined as "one employed by another." Webster's Third New International Dictionary 743 (2002). This broad term does not limit the application of the statute to particular positions held within the scope of one's service. Moreover, if the legislature had intended the statute to function as plaintiff suggests, it could easily have written "related to one's job," or "related to one's position." Such articulations would limit the reach of section 7—219 in the manner advocated by plaintiff. As always, the best evidence of legislative intent is the language of the statute itself, which we must give its plain meaning and apply as written if possible. *Roti v. LTD Commodities*, 355 Ill. App. 3d 1039, 1049 (2005).

Furthermore, the rule advocated by plaintiff would be a difficult one to apply. When two distinct employers are involved, as in *Taddeo* and *Grever*, the boundary line limiting the reach of section 7—219 is clear. A felony related to employment with one employer, barring some additional nexus, is clearly not related to employment with the other. Conversely, when only one employer is present, numerous questions arise. For example, in this case, we could ask whether plaintiff's position as director of the public works department led to his holding the position of village administrator. If so, is not then plaintiff's holding the earlier position causally related to the occurrence of the felonies, at least in the but-for sense of causation, because it made possible plaintiff's employment as village administrator? Plaintiff does not attempt to address such a question, and we point it out merely to demonstrate the unworkability of plaintiff's proposed rule. Moreover, unlike the rule in *Grever* and *Taddeo*, plaintiff's proposition could severely retard the deterrent effect of section 7—219. An employee who changes positions on a fairly regular basis would effectively im-

munize from the statute much of his or her pension. As noted above, the statute exists to deter public officials from committing breaches of the public trust and benefitting from their wrongdoing. *Cirignani*, 317 Ill. App. 3d at 736. We do not believe that the legislature would have intended that the deterrent be so paltry in such situations. Accordingly, we hold that section 7—219 applies to whatever benefits are generated by service to a single employer regardless of the particular positions held by the employee during that employment.

In light of the foregoing, we affirm the judgment of the circuit court of Lake County affirming the judgment of the board of trustees.

Affirmed.

O'MALLEY, P.J., and CALLUM, J., concur.