# Illinois Official Reports

## Appellate Court

*Heisterkamp v. Pacheco*, 2016 IL App (2d) 150229

| | |
|---|---|
| Appellate Court Caption | DARIN HEISTERKAMP, Plaintiff-Appellant, v. FRANCES J. PACHECO and THE FAMILY STRESS CLINIC, LTD., Defendants-Appellees. |
| District & No. | Second District<br>Docket No. 2-15-0229 |
| Filed<br>Rehearing denied | January 28, 2016<br>February 24, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 14-L-302; the Hon. Jorge L. Ortiz, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | David W. Lewarchik, of Lewarchik Law PLLC, of Chicago, for appellant.<br><br>William J. Rogers and Catherine Basque Weiler, both of Swanson, Martin & Bell, LLP, of Chicago, for appellees. |
| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion.<br>Justices McLaren and Spence concurred in the judgment and opinion. |

**OPINION**

¶ 1     Plaintiff, Darin Heisterkamp, appeals from an order of the circuit court of Lake County granting the motion of defendants, Frances J. Pacheco and The Family Stress Clinic, Ltd., to dismiss plaintiff's complaint seeking recovery for psychological malpractice. The alleged malpractice arose from services Pacheco performed, as a court-appointed expert, in proceedings for the dissolution of plaintiff's marriage. The trial court ruled that defendants enjoyed absolute immunity from suit. We affirm.

¶ 2     In his complaint, plaintiff alleged that "Family Stress Clinic, Ltd, is either owned or operated by Defendant Frances Pacheco and employs Frances Pacheco." According to the complaint, prior to April 30, 2012, defendants were retained to perform psychological testing on plaintiff. Pacheco diagnosed plaintiff with obsessive-compulsive personality disorder (OCPD). Plaintiff alleged that there are eight diagnostic criteria for OCPD and that an individual's symptoms must meet at least four of the criteria. Plaintiff further alleged that "[o]nly [o]ne test sign consistent with [OCPD] among an extensive range of scales and summary scores was obtained from the five tests conducted as part of Dr. Pacheco's examination and no behavioral observations were made indicative of this [d]iagnosis." According to the complaint, Pacheco's diagnosis deviated from the standard of care in clinical psychology and, as a direct and proximate result, plaintiff lost custody of his children.

¶ 3     Defendants filed a combined motion to dismiss pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2014)). As exhibits to the motion, defendants submitted, *inter alia,* (1) a "Family Division Evaluator Report" submitted in the dissolution of marriage proceedings by Donna Crunkilton-Steigel requesting that the parties submit to psychological testing and (2) a written order from the dissolution of marriage proceedings appointing Pacheco "to conduct psychological testing for both parties in this matter." Defendants sought dismissal pursuant to section 2-619 on the ground that the court appointment conferred absolute immunity.

¶ 4     Section 2-619 provides that an action may be dismissed, on the motion of the defendant, based on various enumerated defenses (735 ILCS 5/2-619(a)(1)-(8) (West 2014)) or "other affirmative matter avoiding the legal effect of or defeating the claim" (735 ILCS 5/2-619(a)(9) (West 2014)). As our supreme court has noted, "[a]n appeal from a section 2-619 dismissal is similar to an appeal following a grant of summary judgment, and both are subject to *de novo* review." *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 254 (2004). The question on appeal is "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether the dismissal is proper as a matter of law." *Id.* Here, there is no dispute as to the material facts bearing on defendants' immunity. The question, then, is whether defendants are immune as a matter of law.

¶ 5     In *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009), the Seventh Circuit stated as follows:

> "[C]ourt-appointed experts *** are absolutely immune from liability for damages when they act at the court's direction. [Citations.] They are arms of the court, much like special masters, and deserve protection from harassment by disappointed litigants, just as judges do. Experts asked by the court to advise on what disposition will serve the best interests of a child in a custody proceeding need absolute immunity in order to be

able to fulfill their obligations 'without the worry of intimidation and harassment from dissatisfied parents.' [Citation.]"

Applying that reasoning, the *Cooney* court held that a child's representative appointed pursuant to section 506(a)(3) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/506(a)(3) (West 2014)), "who although bound to consult the child is not bound by the child's wishes but rather by the child's best interests, and is thus a neutral, much like a court-appointed expert witness," is therefore entitled to immunity. *Cooney*, 583 F.3d at 970.

¶ 6    Although this court is not bound by opinions of the lower federal courts (*Werderman v. Liberty Ventures, LLC*, 368 Ill. App. 3d 78, 84 (2006)), the First District followed *Cooney* in *Vlastelica v. Brend*, 2011 IL App (1st) 102587, ¶¶ 22-23. This court recently followed *Cooney* and *Vlastelica* in *Davidson v. Gurewitz*, 2015 IL App (2d) 150171, ¶ 12.

¶ 7    Section 604 of the Act (750 ILCS 5/604 (West 2014)) provides, in pertinent part:

"(a) The court may interview the child in chambers to ascertain the child's wishes as to his custodian and as to visitation. Counsel shall be present at the interview unless otherwise agreed upon by the parties. The court shall cause a court reporter to be present who shall make a complete record of the interview instantaneously to be part of the record in the case.

(b) The court may seek the advice of professional personnel, whether or not employed by the court on a regular basis. The advice given shall be in writing and made available by the court to counsel. Counsel may examine, as a witness, any professional personnel consulted by the court, designated as a court's witness."

¶ 8    Plaintiff argues that "[i]n the present matter, Crunkilton-Stiegel was the court-appointed advisor pursuant to [section 604(b)], with the duties, delineated under this provision, to advise the court of the child's wishes as to custody and visitation." Plaintiff maintains that "Crunkilton-Stiegel exceeded these duties by seeking and being granted approval to force [plaintiff] to undergo psychological testing, though the administration of such testing was not designed to ascertain a 'child's wishes.' " Citing *Jones v. Brennan*, 465 F.3d 304, 308 (7th Cir. 2006), plaintiff contends that "judicial immunity will not cloak a court appointee when said appointee steps outside his or her agency." The scope of Crunkilton-Stiegel's duties is entirely irrelevant to this appeal. She is not a party to this lawsuit, so it makes no difference whether judicial immunity extends to her conduct.

¶ 9    Plaintiff more broadly argues that section 604(b) does not "permit" psychological tests to be administered to parents in a child custody proceeding. The argument is dubious at best. Although plaintiff appears to assume that the professional's advice must relate to the subject matter of the section 604(a) interview–*i.e.*, the child's wishes as to custody and visitation–plaintiff cites no authority that the scope of the professional's advice must be limited in this manner.

¶ 10    If the language of section 604(b) is given the most rigidly literal reading possible, one might also argue that conducting psychological testing is beyond the scope of providing "advice." However, "[a] literal interpretation is not controlling where the spirit and intent of the General Assembly in enacting a statute are clearly expressed, its objects and purposes are clearly set forth, and a literal interpretation of a particular clause would defeat the obvious intent [citation]; *** or where a literal interpretation would lead to an absurd result [citation]." *Grever v. Board of Trustees of the Illinois Municipal Retirement Fund*, 353 Ill. App. 3d 263,

266-67 (2004). It is clear that section 604(b) permits the trial court to seek the advice of a mental health professional. See *Johnston v. Weil*, 241 Ill. 2d 169, 176-78 (2011). The advice would be of little use if the court could not authorize a mental health professional to engage in appropriate testing to develop informed opinions bearing on the custody question.

¶ 11    Ultimately, however, we need not decide whether psychological testing is within the scope of section 604(b). It bears repeating that "[e]xperts asked by the court to advise on what disposition will serve the best interests of a child in a custody proceeding need absolute immunity in order to be able to fulfill their obligations 'without the worry of intimidation and harassment from dissatisfied parents.' [Citation.]" *Cooney*, 583 F.3d at 970. When a court enters an order appointing a mental health professional to provide certain services, he or she is entitled to rely on that order, without fear that it will be challenged in a collateral proceeding in which the professional may be held liable for damages. Here defendants acted at the direction of the court in the dissolution proceedings and are entitled to absolute immunity regardless of whether the direction given was proper under section 604(b).

¶ 12    For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

¶ 13    Affirmed.